United States District Court
Southern District of Texas

**ENTERED**

July 17, 2025
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

## GALVESTON DIVISION

No. 3:25-cv-58

ROBERT HARVEY, *PLAINTIFF*,

v.

WILLIAM ROY, *ET AL.*, *DEFENDANTS*.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

The defendants have moved to dismiss the plaintiff's claims under Fed. R. Civ. P. 12(b)(6). Dkt. 8. The court will grant the motion in part and deny it in part.

## I.    Background

This lawsuit arises from a June 2024 incident involving Robert Harvey and Galveston Fire Department Battalion Chief William Roy.[1] Harvey alleges

---

[1] Harvey attached a video of the incident to his complaint, which the court adopts only if it "blatantly contradicts" the factual allegations. *Harmon v. City of Arlington*, 16 F.4th 1159, 1163 (5th Cir. 2021) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

that while he walked along the sidewalk on 61st Street in Galveston, Roy was on duty and seated in a fire-department vehicle. Dkt. 1 ¶¶ 9–10. As Harvey passed the vehicle, Roy activated the truck's siren without justification, then backed into the roadway, turned toward Harvey, and drove forward, striking Harvey with the vehicle's passenger-side mirror. *Id.* ¶¶ 11, 13. Harvey alleges he suffered injuries to his arm, shoulder, and ears that required medical treatment. *Id.* ¶¶ 14–15, 21. Roy allegedly left the scene without identifying himself or checking on Harvey's condition. *Id.* ¶¶ 16. Harvey reported the incident to city personnel and later filed a criminal complaint, which he contends the City of Galveston failed to investigate properly. *Id.* ¶¶ 17–28. Harvey alleges that city officials never tested Roy for alcohol, claimed to have reviewed a surveillance video that does not exist, and lost bodycam footage related to the investigation. *Id.* ¶¶ 17–27.

Harvey brings claims against Roy under 42 U.S.C. § 1983 for excessive force and violation of due process and against the city under *Monell* for unconstitutional policies and ratification. *Monell v. Dep't* 436 U.S. 658 (1978) (requiring allegations that an official policy or custom was the moving force behind injuries caused by a constitutional violation). He also asserts common-law claims for negligence, gross negligence, and negligence per se against Roy and seeks to hold the city liable under the Texas Tort Claims Act

("TTCA"). Dkt. 1. The defendants have moved to dismiss Harvey's claims for failure to state a claim. Dkt. 8.

## II.  Legal Standards

### A. Rule 12(b)(6)

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the pleaded facts allow the court to reasonably infer that the defendant is liable for the alleged conduct. *Id.* In reviewing the pleadings, a court accepts all well-pleaded facts as true, "construing all reasonable inferences in the complaint in the light most favorable to the plaintiff." *White v. U.S. Corrs., L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021). But the court does not accept "[c]onclusory allegations, unwarranted factual inferences, or legal conclusions" as true. *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

### B. Section 1983 and Qualified Immunity

To state a claim against a government official under § 1983, a plaintiff must allege (1) the defendant violated "a right secured by the Constitution and laws of the United States" and (2) "a person acting under color of state

law" committed the violation. *West v. Atkins*, 487 U.S. 42, 48 (1988). Personal-capacity claims under § 1983 are subject to the affirmative defense of qualified immunity. *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009). Once a defendant raises qualified immunity, the plaintiff has the burden to negate the defense by (1) "alleg[ing] a violation of a constitutional right" and (2) showing the right "was 'clearly established' at the time of the alleged violation." *Cope v. Cogdill*, 3 F.4th 198, 204 (5th Cir. 2021) (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). The right is clearly established when the court finds "controlling authority . . . that defines the contours of the right in question with a high degree of particularity." *Hogan v. Cunningham*, 722 F.3d 725, 735 (5th Cir. 2013) (citation omitted). In other words, the court must find a reasonable officer could have believed the defendant's conduct was lawful under the circumstances. *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

The usual Rule 12(b)(6) standard applies when a defendant moves to dismiss a § 1983 claim based on qualified immunity. *Benfer v. City of Baytown*, 120 F.4th 1272, 1279 (5th Cir. 2024) ("[A] complaint survives dismissal if it pleads facts that, if true, would permit the inference that defendants are liable under § 1983 and would overcome their qualified immunity defense." (quotations and citation omitted)).

## III. Analysis

### A. Video Exhibit

As a threshold matter, the parties dispute whether the court can consider for the purposes of this motion the video attached to the motion to dismiss. Dkt. 8-1. The defendants argue that the court can consider the video because Harvey refers to it in his complaint. Dkt. 8 ¶ 7; *see Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."). Harvey argues that the court can consider the video only if the court treats the motion as one for summary judgment. Dkt. 11 ¶¶ 8–10; *see* Fed R. Civ. P. 12(d).

The court agrees with Harvey. Although Harvey refers to the video in his complaint, he does so only to say the video does not exist, not to support his allegations. Dkt. 1 ¶¶ 24–25. Indeed, the video could not be central to Harvey's claims because he disputes its existence. *Id.* Instead, Harvey relies on his own video footage, which he attaches to his complaint. Dkt. 6. This is different than the typical situation cited by defendants when a plaintiff refers to a document or contract at the center of their claim but does not attach it. *See Ramos v. Taylor*, 646 F. Supp. 3d 807, 815–16 (W.D. Tex. 2022)

(collecting cases declining to consider videos related to allegations but not attached to complaint); *see also*, *Trevino v. Iden*, 79 F.4th 524, 527 n.1 (5th Cir. 2023) (considering a case report and a summary related to an investigation against the plaintiff); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (considering insurance contracts).

Consequently, the court cannot consider the defendant's video without treating the motion to dismiss as a motion for summary judgment, which it declines to do. *See* Fed R. Civ. P. 12(d). Accordingly, the court decides this motion based only on the pleadings and the video Harvey attached to his complaint.

### B. Section 1983

#### 1. Excessive Force

Harvey has not stated a claim for excessive force because he has not alleged a seizure. *See Est. of Parker v. Miss. Dep't of Pub. Safety*, 140 F.4th 226, 238 (5th Cir. 2025) (noting that a seizure is the first of two elements of a Fourth Amendment excessive-force claim). A seizure requires the intent to restrain. *Brower v. Cnty. of Inyo*, 489 U.S. 593, 597 (1989). But Harvey alleges only that Roy intentionally hit Harvey with the firetruck—not intentional restraint. Dkt. 1 ¶¶ 12–14; *see Brower*, 489 U.S. at 597; *California v. Hodari D.*, 499 U.S. 621, 626–27 (1991) (explaining how a seizure requires

the "application of physical force to restrain movement, even when it is ultimately unsuccessful"). Harvey asserts that his "attemp[t] to back out of the way of the truck" was unsuccessful because he "was struck in the arm and shoulder by the large passenger-side mirror" of the truck. Dkt. 1 ¶ 14. But this assertion fails to show how Roy intended to restrict Harvey's "freedom of movement." *Brower*, 489 U.S. at 597. Without that allegation, Harvey fails to state a claim for excessive force under the Fourth Amendment.

Accordingly, the court dismisses Harvey's excessive-force claim.

### 2. Due Process

Harvey has stated a claim for a violation of his substantive due process under the Fourteenth Amendment. Dkt. 1 ¶¶ 19–20, 24. Government officials violate substantive due process via conduct that "can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998) (citation omitted). The complaint alleges that Harvey and a friend were walking on the sidewalk when they passed Roy's fire-department vehicle while it sat unmoving on the shoulder. Dkt. 1 ¶¶ 9–11. Roy "blasted his siren multiple times for no discernible reason," injuring Harvey's ears. *Id*. After Harvey verbally objected, Roy then reversed, angled his vehicle toward Harvey, and drove into a pedestrian space where he struck Harvey. *Id*. ¶¶ 12–14. Harvey

sustained substantial injuries. *Id.* ¶ 29. At the pleading stage, these facts must be taken as true. *White*, 996 F.3d at 306–07. If proven, the allegations would constitute arbitrary, malicious government action that shocks the conscience. *See Lewis*, 523 U.S. at 844–49 (1998) ("[C]onduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level."). Accordingly, Harvey has stated a claim for a Fourteenth Amendment substantive-due-process claim.

### 3. Qualified Immunity

Qualified immunity protects Roy from the excessive-force claim but not the substantive-due-process claim. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (qualified immunity requires alleging a violation of a clearly established constitutional right at the time of the conduct). As explained above, Harvey has not stated a claim for excessive force; therefore, Roy is entitled to qualified immunity from that claim.[2]

---

[2] Even if a Fourth Amendment violation had occurred, Harvey's reliance on *Checki v. Webb* to support his excessive-force claim is misplaced. Dkts. 1 ¶ 30; 11 ¶ 29; 785 F.2d 534, 535–38 (5th Cir. 1986). *Checki* establishes a violation of the Fourteenth Amendment, not the Fourth, and *Checki* does not show that a non-law-enforcement official such as a firefighter would violate the Fourth Amendment through the conduct alleged here. *Id.*

But Roy is not entitled to qualified immunity for the substantive-due-process claim. Harvey has plausibly alleged Roy violated his right to be free from arbitrary and malicious physical harm by a government official, without any lawful justification—a right that has been clearly established for decades. *See Lewis*, 523 U.S. at 849. The Fifth Circuit has made clear that a government official using a government vehicle "to terrorize a civilian" "[lays] the building blocks for a section 1983 claim." *Checki*, 785 F.2d at 538. Because the complaint plausibly alleges facts supporting a violation of clearly established right under the Fourteenth Amendment, Roy is not entitled to qualified immunity at this stage.

Accordingly, Harvey's Fourteenth Amendment claim survives.

### 4. *Monell* Liability

Harvey has stated a claim for *Monell* liability. *Monell*, 436 U.S. at 690–94. But of the two theories Harvey asserts—actions of a policymaker and ratification—only ratification is plausible. Dkt. 1 ¶¶ 33–34, 36–39.

Harvey does not assert that Roy is a final policymaker for the City of Galveston. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–81 (1986) (attaching liability "only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered"). Roy asserts only that as a "Battalion Chief," Roy is a policymaker and that the Fire Chief

and Assistant Fire Chief are "final policymakers within the Galveston Fire Department." Dkt. 1 ¶¶ 10, 15,[3] 37. And Harvey alleges Roy engaged in "*deliberate* conduct" but not that "the municipality was the 'moving force' behind the injury alleged." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). Thus, Roy's conduct is more appropriately categorized as "discretionary," which does not give rise to *Monell* liability. *Pembaur*, 475 U.S. at 481–82. In the absence of allegations Roy's conduct represented official city policy, the complaint does not state a *Monell* claim under a policymaker theory; therefore, the court dismisses this claim.

In contrast, Harvey plausibly alleges the city ratified Roy's conduct by failing to discipline him following an internal investigation. Dkt. 1 ¶¶ 36–39. The Fifth Circuit limits ratification to "extreme factual situations," which it describes as including "an obvious violation of clearly established law." *World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 755 (5th Cir. 2009). And the complaint includes substantial allegations of the city ratifying the alleged Fourteenth Amendment violations: ignored medical records, an untested urine sample, and a missing or fabricated video. Dkt. 1

---

[3] The complaint numbers its paragraphs through 29 and then restarts at 15. This paragraph 15 is the second one in the complaint.

¶¶ 17–20, 24–27, 16,[4] 37. At the motion-to-dismiss stage, this pleads ratification.

Accordingly, Harvey has stated a claim for the city's § 1983 liability under *Monell*. The court dismisses the policymaker claim, but the ratification claim survives.

### C. State-law claims

Harvey concedes the court must dismiss his common-law negligence, gross-negligence, and negligence-per-se claims against Roy because they cannot coexist with his TTCA claim against the city. Dkt. 11 ¶ 41; *see* Tex. Civ. Prac. & Rem. Code § 101.106(a), (e) (barring claim against employee for same subject matter as claim against city and requiring that such suit against the employee "shall immediately be dismissed on the filing of a motion by the governmental unit").

Turning to the TTCA claim against the city. Dkt. 1 ¶¶ 60–66; Tex. Civ. Prac. & Rem. Code § 101.021 (waiving immunity for "wrongful act[s] or omission[s] or the negligence of an employee acting within the scope of employment" under certain conditions). The complaint alleges that Roy personally operated a city-owned vehicle and caused physical injury to

---

[4] The complaint numbers its paragraphs through 29 and then restarts at 15. This is the second paragraph 16 in the complaint.

Harvey. Dkt. 1 ¶¶ 10–14. These allegations fall squarely within the TTCA's waiver of immunity for injuries "arising from the operation or use of a motor-driven vehicle" by a government employee "acting within his scope of employment." Tex. Civ. Prac. & Rem. Code § 101.021(1). The complaint asserts a viable underlying negligence claim, which, if proven, would establish Roy's personal liability under Texas law. *Id.* § 101.021(1)(B), (2); Dkt. 1 ¶¶ 13–14, 29, 44–46. Together, Harvey's allegations state a claim against the city under the TTCA.

Moreover, the city has not shown immunity bars Harvey's TTCA claim. First, the city argues that Harvey has alleged intentional torts, which are not viable claims under the TTCA. Dkt. 8 ¶ 52; *see* Tex. Civ. Prac. & Rem. Code § 101.057(2). But Harvey does not plead intentional claims under the TTCA; he alleges liability for an intentional act under § 1983 and liability for a negligent or reckless act under the TTCA. Dkt. 11 ¶¶ 48–49; *see* Fed. R. Civ. P. 8(d) (allowing plaintiffs to plead alternative claims even if they conflict). For this reason, the city's arguments for immunity under the TTCA based on Harvey's § 1983 claims fail.

Second, the governmental functions provision does not bar Harvey's TTCA claim at this stage. *See* Tex. Civ. Prac. & Rem. Code § 101.055 (limiting tort liability to "conscious indifference or reckless disregard for the safety of

others" when "responding to an emergency"). Harvey alleges the incident did not occur "near the scene of an emergency" or "at the scene of an emergency." Dkt. 1 ¶ 24. And although the video attached to the complaint shows Roy's emergency lights on and other emergency vehicles in the area, Roy's vehicle is stationary until Roy moves it to allegedly aim at and then drive toward Harvey. Dkt. 6. Thus, under Harvey's version of the facts, it does not appear Roy was "responding to an emergency call or reacting to an emergency situation," as required under section 101.055(2). Even if section 101.055(2) applied, Harvey alleges Roy's "actions were done with reckless disregard of substantial risk of severe bodily injuries," which falls into the statute's exception. Dkt. 1 ¶ 48; Tex. Civ. Prac. & Rem. Code § 101.055(2) (the governmental function of emergency response bars a TTCA claim "if the action is *not* taken with conscious indifference or reckless disregard for the safety of others" (emphasis added)). Additionally, Harvey does not base his claims on "the method of providing . . . fire protection," so this immunity does not apply. Tex. Civ. Prac. & Rem. Code § 101.055(3).

The city retains immunity for gross negligence. *See City of Hous. v. Johnson*, 353 S.W.3d 499, 503-05 (Tex. App.—Houston [14th] 2011, pet. denied) (holding that the TTCA bars exemplary damages and thus gross negligence).

Accordingly, the court dismisses Harvey's common-law negligence, gross-negligence, and negligence-per-se claims against Roy. The TTCA claim against the city survives.

\*   \*   \*

For the foregoing reasons, the court grants in part and denies in part the defendants' motion to dismiss. Dkt. 8.

As to Roy, the court dismisses the § 1983 claim for excessive-force, and the state-law negligence, gross-negligence, and negligence-per-se claims.

As to the city, the court dismisses the *Monell* policymaker claim.

Accordingly, these claims remain: (1) the § 1983 claim for a Fourteenth Amendment substantive-due-process violation against Roy, (2) the *Monell* ratification claim against the city, and (3) the TTCA claim against the city. Additionally, punitive damages are available only for the § 1983 claim against Roy.[5]

Signed on Galveston Island this 17th day of July, 2025.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

---

[5] As clarified by Harvey in his response to the motion to dismiss. Dkt. 11 ¶¶ 60–61.