**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **ROBERT HARVEY** | § | |
| *Plaintiff* | § | |
| | § | **CIVIL ACTION NO. 3:25-CV-00058** |
| **v.** | § | |
| | § | |
| **WILLIAM ROY, in his individual capacity;** | § | |
| **and** | § | **("JURY REQUESTED")** |
| **CITY OF GALVESTON** | § | |
| **aka** | § | |
| **GALVESTON FIRE DEPARTMENT** | § | |
| *Defendants* | § | |

## PLAINTIFF'S EXPERT WITNESS DESIGNATION

To: Defendants WILLIAM ROY and CITY OF GALVESTON, through their attorney of record, William S. Helfand, Norman Ray Giles, and Lamisa Chowdhury, of LEWIS BRISBOIS BISGAARD & SMITH, 24 Greenway Plaza, Suite 1400, Houston, Texas 77046.

Plaintiff, ROBERT HARVEY makes these expert disclosures as required by Federal Rule of Civil Procedure 26(a)(2), the Court's Scheduling Order, the Southern District of Texas Local Rules, and the Stipulation of Parties.

## A. IDENTITY OF EXPERTS

1. a. Benjamin Campagna
      405 Main St., Suite 1000, Houston, Texas 77002
         (832) 286-0800
         Plaintiff's attorney/attorney's fees

Summary of facts and opinions (Rule 26(a)(2)(C)): Benjamin Campagna is expected to offer opinion testimony concerning the reasonableness and necessity of attorney's fees incurred and to be incurred in this case, including: (1) the nature and scope of the work performed, (2) the time reasonably required for that work based on

counsel's experience handling comparable civil rights and tort litigation, (3) the reasonableness of the hourly rates charged in light of counsel's experience, the complexity of the case, and prevailing market rates in the relevant legal community, (4) the reasonableness of the total fees requested under a lodestar analysis (and any applicable factors considered by the Court), and (5) the necessity and reasonableness of costs advanced. His opinions will be based on counsel's personal knowledge of the work performed, counsel's time and billing records maintained in the ordinary course of business, pleadings and filings in this case, discovery and motion practice performed, and counsel's experience with reasonable and customary fees for similar matters. Plaintiff will supplement with updated billing summaries and supporting documentation as required or appropriate.   Mr. Campagna may also rely on fee awards and fee evidence in comparable federal cases in Texas to the extent necessary to support market-rate opinions.

Any opinions regarding fees will be offered only if and to the extent attorney's fees become recoverable under the applicable statutes and/or rules.

b. David Bleakney
    405 Main St., Suite 1000, Houston, Texas 77002
        (832) 286-0800
        Plaintiff's attorney/attorney's fees

Summary of facts and opinions (Rule 26(a)(2)(C)): David Bleakney is expected to offer opinion testimony concerning the reasonableness and necessity of attorney's fees incurred and to be incurred in this case, including: (1) the nature and scope of the work performed, (2) the time reasonably required for that work based on counsel's experience handling comparable civil rights and tort litigation, (3) the reasonableness of the hourly rates charged in light of counsel's experience, the complexity of the case, and prevailing market rates in the relevant legal community, (4) the reasonableness of the total fees requested under a lodestar analysis (and any applicable factors considered by the Court), and (5) the necessity and reasonableness of costs advanced. His opinions will be based on counsel's personal knowledge of the work performed, counsel's time and billing records maintained in the ordinary course of business, pleadings and filings in this case, discovery and motion practice performed, and counsel's experience with reasonable and customary fees for similar matters. Plaintiff will supplement with updated billing summaries and supporting documentation as required or appropriate.  Mr. Bleakney may also rely on fee awards and fee evidence in comparable federal cases in Texas to the extent necessary to support market-rate opinions.

Any opinions regarding fees will be offered only if and to the extent attorney's fees become recoverable under the applicable statutes and/or rules.

Plaintiff may use the following persons at trial to present evidence under Federal Rule of Evidence 702, 703, or 705:

a. Kelly Couch. The expert's address and telephone number are as follows: c/o Titan National Consulting Group LLC, 19628 Poplar St., Bend, OR 97702. (925) 864-5423. Mr. Couch will testify regarding the matters and opinions contained in his expert report. Mr. Couch's report containing the information required under Federal Rule(s) of evidence is attached as Exhibit A (Couch Rule 26 Report, including Exhibits A–D thereto). Mr. Couch was retained by Plaintiff to provide expert testimony and may be contacted through undersigned counsel.

## B. INFORMATION FROM RETAINED OR SPECIALLY EMPLOYED EXPERTS

2. The following persons are those whom Plaintiff has retained or specially employed to provide expert testimony or whose duties as Plaintiff's employee regularly involve giving expert testimony: Kelly Couch.

3. Plaintiff attaches a written report for each retained or specially employed expert along with the information below attached as Exhibit A. Each report is prepared and signed by the expert and contains the following in the reports, within the exhibits, or has previously been Disclosed or provided to Defendants by Plaintiff:

a. A complete statement of all opinions the expert will express and the basis and reasons for them.

b. The facts or data considered by the expert in forming opinions.

c. Any exhibits that will be used to summarize or support the opinions.

d. A curriculum vitae, resume, or other listing of each expert's qualifications.

e. A list of all publications authored by the expert in the previous ten years.

f. A list of all other cases in which the expert testified as an expert at trial or by deposition during the previous four years.

g. A statement of the compensation to be paid for the study of testimony in the case.

## C. INFORMATION FROM NONRETAINED EXPERTS

4. The following listed persons are non-retained experts who are not required to provide a written report, along with Rule 26(a)(2)(C) disclosure for each nonretained expert; each disclosure contains the following: The subject matter on which the expert is expected to present evidence and a summary of the facts and opinions on which the expert is expected to testify:

a. Anju S. Kuruvilla, MD
   Barrier Reef Emergency Physicians PLLC
   301 University Boulevard
   Galveston, Texas 77555-0100
   954-939-5000/409-772-2222
   or
   1000 River Road Suite 200
   Conshohocken, PA 19428
   800-355-2470

   Anju S. Kuruvilla, MD, and any and all other health care providers associated with Anju S. Kuruvilla, MD or Barrier Reef Emergency Physicians PLLC, involved in the examination, diagnosis, care, or treatment of Plaintiff. Medical facts and opinions concerning examination, diagnosis, care, treatment, or evaluation of Plaintiff.

   Summary of facts and opinions (Rule 26(a)(2)(C)): This medical provider is a treating health care provider who personally evaluated and/or treated Plaintiff. This provider is expected to testify regarding (1) the history reported by Plaintiff at the time of evaluation and the clinical observations made during the encounter(s), (2) the diagnoses rendered, (3) the treatment provided and medical decision-making, (4) Plaintiff's condition, symptoms, and functional limitations observed during treatment, and (5) the provider's assessment of the likely etiology of Plaintiff's symptoms to the extent documented in the chart, including whether the complaints and objective findings were consistent with the history provided.

   Medical experts, treating physicians not retained by, employed by, or otherwise subject to the control of Plaintiff.  Plaintiff has produced/is willing to produce

all medical records in his possession.  Plaintiff will also execute a medical authorization to allow Defendant to obtain additional information if described by Defendant and narrowly tailored.

b.  Custodian of records for Anju S. Kuruvilla, MD or Barrier Reef Emergency Physicians PLLC.

Testimony concerning authenticity and business records of these records. Custodian of medical records not retained by, employed, or otherwise subject to control of Plaintiff. See any and all affidavits executed by custodian after execution along with copies of any and all documents attached thereto. No report will be furnished as not retained by, employed by, or otherwise subject to control of Plaintiff.

b.  Francis Welsh, MD
University of Texas Medical Branch – Galveston/UTMB Health
901 Harborside Drive
Galveston, Texas 77550
409-772-9066

Francis Welsh, MD, and any and all other health care providers associated with Francis Welsh, MD, or University of Texas Medical Branch – Galveston/UTMB Health, involved in the examination, diagnosis, care, or treatment of Plaintiff. Medical facts and opinions concerning examination, diagnosis, care, treatment, or evaluation of Plaintiff.

Summary of facts and opinions (Rule 26(a)(2)(C)): This medical provider is a treating health care provider who personally evaluated and/or treated Plaintiff. This provider is expected to testify regarding (1) the history reported by Plaintiff at the time of evaluation and the clinical observations made during the encounter(s), (2) the diagnoses rendered, (3) the treatment provided and medical decision-making, (4) Plaintiff's condition, symptoms, and functional limitations observed during treatment, and (5) the provider's assessment of the likely etiology of Plaintiff's symptoms to the extent documented in the chart, including whether the complaints and objective findings were consistent with the history provided.

Medical experts, treating physicians not retained by, employed by, or otherwise subject to the control of Plaintiff.  Plaintiff has produced/is willing to produce all medical records in his possession.  Plaintiff will also execute a medical

authorization to allow Defendant to obtain additional information if described by Defendant and narrowly tailored.

c.  Custodian of records for Francis Welsh, MD, or University of Texas Medical Branch – Galveston/UTMB Health.

Testimony concerning authenticity and business records of these records. Custodian of medical records not retained by, employed, or otherwise subject to control of Plaintiff. See any and all affidavits executed by custodian after execution along with copies of any and all documents attached thereto. No report will be furnished as not retained by, employed by, or otherwise subject to control of Plaintiff.

d.  William B. Daya, MD
University of Texas Medical Branch – Galveston/UTMB Health
301 University Boulevard, RT 1173
Galveston, Texas 77555
409-772-1425

William B. Daya, MD, and any and all other health care providers associated with William B. Daya, MD, or University of Texas Medical Branch – Galveston/UTMB Health, involved in the examination, diagnosis, care, or treatment of Plaintiff.  Medical facts and opinions concerning examination, diagnosis, care, treatment, or evaluation of Plaintiff.

Summary of facts and opinions (Rule 26(a)(2)(C)): This medical provider is a treating health care provider who personally evaluated and/or treated Plaintiff. This provider is expected to testify regarding (1) the history reported by Plaintiff at the time of evaluation and the clinical observations made during the encounter(s), (2) the diagnoses rendered, (3) the treatment provided and medical decision-making, (4) Plaintiff's condition, symptoms, and functional limitations observed during treatment, and (5) the provider's assessment of the likely etiology of Plaintiff's symptoms to the extent documented in the chart, including whether the complaints and objective findings were consistent with the history provided.

Medical experts, treating physicians not retained by, employed by, or otherwise subject to the control of Plaintiff.  Plaintiff has produced/is willing to produce all medical records in his possession.  Plaintiff will also execute a medical authorization to allow Defendant to obtain additional information if described by Defendant and narrowly tailored.

e.  Custodian of records for William B. Daya, MD, or University of Texas Medical Branch – Galveston/UTMB Health

Testimony concerning authenticity and business records of these records. Custodian of medical records not retained by, employed, or otherwise subject to control of Plaintiff. See any and all affidavits executed by custodian after execution along with copies of any and all documents attached thereto. No report will be furnished as not retained by, employed by, or otherwise subject to control of Plaintiff.

f.  Dorian Shani Hill, MD
University of Texas Medical Branch – Galveston/UTMB Health
301 University Boulevard, RT 1173
Galveston, Texas 77555
409-772-2222

Dorian Shani Hill, MD, and any and all other health care providers associated with Dorian Shani Hill, MD, or University of Texas Medical Branch – Galveston/UTMB Health, involved in the examination, diagnosis, care, or treatment of Plaintiff. Medical facts and opinions concerning examination, diagnosis, care, treatment, or evaluation of Plaintiff.

Summary of facts and opinions (Rule 26(a)(2)(C)): This medical provider is a treating health care provider who personally evaluated and/or treated Plaintiff. This provider is expected to testify regarding (1) the history reported by Plaintiff at the time of evaluation and the clinical observations made during the encounter(s), (2) the diagnoses rendered, (3) the treatment provided and medical decision-making, (4) Plaintiff's condition, symptoms, and functional limitations observed during treatment, and (5) the provider's assessment of the likely etiology of Plaintiff's symptoms to the extent documented in the chart, including whether the complaints and objective findings were consistent with the history provided.

Medical experts, treating physicians not retained by, employed by, or otherwise subject to the control of Plaintiff. Plaintiff has produced/is willing to produce all medical records in his possession. Plaintiff will also execute a medical authorization to allow Defendant to obtain additional information if described by Defendant and narrowly tailored.

g. Custodian of records for Dorian Shani Hill, MD, or University of Texas Medical Branch – Galveston/UTMB Health

Testimony concerning authenticity and business records of these records. Custodian of medical records not retained by, employed, or otherwise subject to control of Plaintiff. See any and all affidavits executed by custodian after execution along with copies of any and all documents attached thereto. No report will be furnished as not retained by, employed by, or otherwise subject to control of Plaintiff.

h. Ronald Larcher, DC
   Qualcare Rehabilitation
   403 N. York St.
   Houston, Texas 77003
   713-378-0665

   Ronald Larcher, DC, and any and all other health care providers associated with Ronald Larcher, DC, or Qualcare Rehabilitation, involved in the examination, diagnosis, care, or treatment of Plaintiff. Medical facts and opinions concerning examination, diagnosis, care, treatment, or evaluation of Plaintiff.

   Summary of facts and opinions (Rule 26(a)(2)(C)): This medical provider is a treating health care provider who personally evaluated and/or treated Plaintiff. This provider is expected to testify regarding (1) the history reported by Plaintiff at the time of evaluation and the clinical observations made during the encounter(s), (2) the diagnoses rendered, (3) the treatment provided and medical decision-making, (4) Plaintiff's condition, symptoms, and functional limitations observed during treatment, and (5) the provider's assessment of the likely etiology of Plaintiff's symptoms to the extent documented in the chart, including whether the complaints and objective findings were consistent with the history provided.

   Medical experts, treating physicians not retained by, employed by, or otherwise subject to the control of Plaintiff. Plaintiff has produced/is willing to produce all medical records in his possession. Plaintiff will also execute a medical authorization to allow Defendant to obtain additional information if described by Defendant and narrowly tailored.

i. Custodian of records for Ronald Larcher, DC, or Qualcare Rehabilitation

Testimony concerning authenticity and business records of these records. Custodian of medical records not retained by, employed, or otherwise subject to control of Plaintiff. See any and all affidavits executed by custodian after execution along with copies of any and all documents attached thereto. No report will be furnished as not retained by, employed by, or otherwise subject to control of Plaintiff.

j.  Andrew McKay, MD
    Greater Houston Pain & Injury
    403 N. York St.
    Houston, Texas 77003
    713-378-0030

    Andrew McKay, MD, and any and all other health care providers associated with Andrew McKay, MD, or Greater Houston Pain & Injury, involved in the examination, diagnosis, care, or treatment of Plaintiff.  Medical facts and opinions concerning examination, diagnosis, care, treatment, or evaluation of Plaintiff.

    Summary of facts and opinions (Rule 26(a)(2)(C)): This medical provider is a treating health care provider who personally evaluated and/or treated Plaintiff. This provider is expected to testify regarding (1) the history reported by Plaintiff at the time of evaluation and the clinical observations made during the encounter(s), (2) the diagnoses rendered, (3) the treatment provided and medical decision-making, (4) Plaintiff's condition, symptoms, and functional limitations observed during treatment, and (5) the provider's assessment of the likely etiology of Plaintiff's symptoms to the extent documented in the chart, including whether the complaints and objective findings were consistent with the history provided.

    Medical experts, treating physicians not retained by, employed by, or otherwise subject to the control of Plaintiff.  Plaintiff has produced/is willing to produce all medical records in his possession.  Plaintiff will also execute a medical authorization to allow Defendant to obtain additional information if described by Defendant and narrowly tailored.

k.  Custodian of records for Andrew McKay, MD, or Greater Houston Pain & Injury

    Testimony concerning authenticity and business records of these records. Custodian of medical records not retained by, employed, or otherwise subject to

control of Plaintiff. See any and all affidavits executed by custodian after execution along with copies of any and all documents attached thereto. No report will be furnished as not retained by, employed by, or otherwise subject to control of Plaintiff.

l.  George Khouri, DO
Greater Houston TBI
403 N. York St.
Houston, Texas 77003
281-598-7000

George Khouri, DO, and any and all other health care providers associated with George Khouri, DO, or Greater Houston TBI, involved in the examination, diagnosis, care, or treatment of Plaintiff.  Medical facts and opinions concerning examination, diagnosis, care, treatment, or evaluation of Plaintiff.

Summary of facts and opinions (Rule 26(a)(2)(C)): This medical provider is a treating health care provider who personally evaluated and/or treated Plaintiff. This provider is expected to testify regarding (1) the history reported by Plaintiff at the time of evaluation and the clinical observations made during the encounter(s), (2) the diagnoses rendered, (3) the treatment provided and medical decision-making, (4) Plaintiff's condition, symptoms, and functional limitations observed during treatment, and (5) the provider's assessment of the likely etiology of Plaintiff's symptoms to the extent documented in the chart, including whether the complaints and objective findings were consistent with the history provided.

Medical experts, treating physicians not retained by, employed by, or otherwise subject to the control of Plaintiff.  Plaintiff has produced/is willing to produce all medical records in his possession.  Plaintiff will also execute a medical authorization to allow Defendant to obtain additional information if described by Defendant and narrowly tailored.

m.  Custodian of records for George Khouri, DO, or Greater Houston TBI

Testimony concerning authenticity and business records of these records. Custodian of medical records not retained by, employed, or otherwise subject to control of Plaintiff. See any and all affidavits executed by custodian after execution along with copies of any and all documents attached thereto. No report will be furnished as not retained by, employed by, or otherwise subject to control of Plaintiff.

n.  Jay Chavda, MD
PrimeCare Network LLC
7737 Southwest Fwy, Suite 300
Houston, Texas 77074
713-774-2090

Jay Chavda, MD, and any and all other health care providers associated with Jay Chavda, MD, or PrimeCare Network, LLC, involved in the examination, diagnosis, care, or treatment of Plaintiff.  Medical facts and opinions concerning examination, diagnosis, care, treatment, or evaluation of Plaintiff.

Summary of facts and opinions (Rule 26(a)(2)(C)): This medical provider is a treating health care provider who personally evaluated and/or treated Plaintiff. This provider is expected to testify regarding (1) the history reported by Plaintiff at the time of evaluation and the clinical observations made during the encounter(s), (2) the diagnoses rendered, (3) the treatment provided and medical decision-making, (4) Plaintiff's condition, symptoms, and functional limitations observed during treatment, and (5) the provider's assessment of the likely etiology of Plaintiff's symptoms to the extent documented in the chart, including whether the complaints and objective findings were consistent with the history provided.

Medical experts, treating physicians not retained by, employed by, or otherwise subject to the control of Plaintiff.  Plaintiff has produced/is willing to produce all medical records in his possession.  Plaintiff will also execute a medical authorization to allow Defendant to obtain additional information if described by Defendant and narrowly tailored.

o.  Custodian of records for Jay Chavda, MD, or PrimeCare Network LLC

Testimony concerning authenticity and business records of these records. Custodian of medical records not retained by, employed, or otherwise subject to control of Plaintiff. See any and all affidavits executed by custodian after execution along with copies of any and all documents attached thereto. No report will be furnished as not retained by, employed by, or otherwise subject to control of Plaintiff.

p.  Doug Casey, MD
Townsen Memorial Imaging
3003 S. Loop West, Suite 140
Houston, Texas77054

346-250-1010

Doug Casey, MD, and any and all other health care providers associated with Doug Casey, MD, or Townsen Memorial Imaging, involved in the examination, diagnosis, care, or treatment of Plaintiff.  Medical facts and opinions concerning examination, diagnosis, care, treatment, or evaluation of Plaintiff.

Summary of facts and opinions (Rule 26(a)(2)(C)): This medical provider is a treating health care provider who personally evaluated and/or treated Plaintiff. This provider is expected to testify regarding (1) the history reported by Plaintiff at the time of evaluation and the clinical observations made during the encounter(s), (2) the diagnoses rendered, (3) the treatment provided and medical decision-making, (4) Plaintiff's condition, symptoms, and functional limitations observed during treatment, and (5) the provider's assessment of the likely etiology of Plaintiff's symptoms to the extent documented in the chart, including whether the complaints and objective findings were consistent with the history provided.

Medical experts, treating physicians not retained by, employed by, or otherwise subject to the control of Plaintiff.  Plaintiff has produced/is willing to produce all medical records in his possession.  Plaintiff will also execute a medical authorization to allow Defendant to obtain additional information if described by Defendant and narrowly tailored.

q.  Custodian of records for Doug Casey, MD, or Townsen Memorial Imaging

Testimony concerning authenticity and business records of these records. Custodian of medical records not retained by, employed, or otherwise subject to control of Plaintiff. See any and all affidavits executed by custodian after execution along with copies of any and all documents attached thereto. No report will be furnished as not retained by, employed by, or otherwise subject to control of Plaintiff.

r.  Janna M. Young, APRN CNP
Allied Medical Centers
403 N. York St.
Houston, Texas 77003
713-785-2667

Janna M. Young, APRN CNP, and any and all other health care providers associated with Janna M. Young, APRN CNP, or Allied Medical Centers,

involved in the examination, diagnosis, care, or treatment of Plaintiff.  Medical facts and opinions concerning examination, diagnosis, care, treatment, or evaluation of Plaintiff.

Summary of facts and opinions (Rule 26(a)(2)(C)): This medical provider is a treating health care provider who personally evaluated and/or treated Plaintiff. This provider is expected to testify regarding (1) the history reported by Plaintiff at the time of evaluation and the clinical observations made during the encounter(s), (2) the diagnoses rendered, (3) the treatment provided and medical decision-making, (4) Plaintiff's condition, symptoms, and functional limitations observed during treatment, and (5) the provider's assessment of the likely etiology of Plaintiff's symptoms to the extent documented in the chart, including whether the complaints and objective findings were consistent with the history provided.

Medical experts, treating physicians not retained by, employed by, or otherwise subject to the control of Plaintiff.  Plaintiff has produced/is willing to produce all medical records in his possession.  Plaintiff will also execute a medical authorization to allow Defendant to obtain additional information if described by Defendant and narrowly tailored.

s.  Custodian of records for Janna M. Young, APRN CNP, or Allied Medical Centers

Testimony concerning authenticity and business records of these records. Custodian of medical records not retained by, employed, or otherwise subject to control of Plaintiff. See any and all affidavits executed by custodian after execution along with copies of any and all documents attached thereto. No report will be furnished as not retained by, employed by, or otherwise subject to control of Plaintiff.

**Date:  February 11, 2026.**

Respectfully submitted,

**/s/ _Benjamin S. Campagna_**
BENJAMIN S. CAMPAGNA
Federal ID No. 3822709
Texas Bar No. 24078302
405 Main Street, Suite 1000
Houston, TX 77002

Telephone: (832) 286-0800
Facsimile: (281) 612-3006

**/s/ *David Bleakney***
DAVID BLEAKNEY
Federal ID No. 3749624
Texas Bar No. 24103798
405 Main Street, Suite 1000
Houston, TX 77002
Telephone: (832) 286-0800
Facsimile: (281) 612-3006

**ATTORNEYS FOR PLAINTIFF**

## **Certificate of Service**

A true and correct copy of the foregoing has been served via electronic mail on February 11, 2026, to the following counsel of record:

William S. Helfand
Attorney-in-Charge
State Bar of Texas No. 09388250
S.D. Texas No. 8791
Bill.Helfand@lewisbrisbois.com
Norman Ray Giles
State Bar of Texas No. 24014084
S.D. Texas No. 26966
Norman.Giles@lewisbrisbois.com
Lamisa I. Chowdhury
State Bar of Texas No. 24110033
S.D. Texas. No. 3580571
Lamisa.Chowdhury@lewisbrisbois.com

LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046

*ATTORNEYS FOR DEFENDANTS*

/s/ ***Benjamin S. Campagna***
BENJAMIN S. CAMPAGNA