UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Robert Harvey, | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 3:25-cv-00058 |
| | § | |
| William Roy, in his individual capacity; | § | |
| City of Galveston, aka Galveston Fire | § | |
| Department | § | |
| *Defendants*. | | |

**DEFENDANTS' OPPOSED MOTION TO EXCLUDE, OR ALTERNATIVELY LIMIT, TESTIMONY FROM KELLY COUCH**

For the following reasons, Defendants move the Court to exclude, or alternatively limit, admission of testimony from Kelly Couch:

CERTIFICATE OF CONFERENCE

1.    The parties counsel conferred, and Plaintiff opposes the relief sought in this motion.

## TABLE OF CONTENTS

Certificate of Conference ................................................................................................ i

Table of Contents ........................................................................................................... ii

Table of Authorities ..................................................................................................... iii

Nature and Stage of the Proceeding ............................................................................. 1

Issues .............................................................................................................................. 1

Summary of the Argument ............................................................................................ 1

Argument and Authorities ............................................................................................ 2

    I.    Couch disclosed *only* legal conclusions that are inadmissible,
as a matter of law. ........................................................................................ 2

    II.    Couch's opinions fail to satisfy the disclosure requirements of
Federal Rule of Civil Procedure 26 or admissibility standards
of the Federal Rules of Evidence. ................................................................ 5

        A.    Couch lacks qualifications to render his purported expert opinions .... 8

        B.    Couch failed to report an opinion that is the product of
reliable application of an identifiable standard to the
facts of this case. ................................................................................ 10

        C.    Couch's opinions should be excluded because they are
not helpful. ......................................................................................... 14

Conclusion and Prayer ................................................................................................ 15

Certificate of Service ................................................................................................... 16

TABLE OF AUTHORITIES

**Federal Cases**

*In re Air Crash Disaster at New Orleans v. Pan American Airways,*
  795 F.2d 1230 (5th Cir. 1986) ................................................................6

*Amin-Akbari v. City of Austin, Tex.,*
  52 F. Supp. 3d 830 (W.D. Tex. 2014) ..........................................3, 4

*Benavides v. County of Wilson,*
  955 F.2d 968 (5th Cir. 1992) ................................................................ 16

*Berry v. City of Detroit,*
  25 F.3d 1342 (6th Cir. 1994) ................................................................ 8

*Boyd v. State Farm Ins. Cos.,*
  158 F.3d 326 (5th Cir. 1998) ........................................................ 5, 16

*Brown v. Ill. Cent. R.R. Co.,*
  705 F.3d 531 (5th Cir. 2013)................................................................7

*Calderon v. Bank of Am. N.A.,*
  941 F. Supp. 2d 753 (W.D. Tex. 2013) ...............................................2

*Curtis v. M & S Petroleum, Inc.,*
  174 F.3d 661 (5th Cir. 1999) ............................................................ 16

*Daubert v. Merrell Dow Pharm., Inc.,*
  509 U.S. 579 (1993) ................................................................5, 8

*First Nat'l Bank v. Lustig,*
  96 F.3d 1554 (5th Cir. 1996)................................................................7

*General Electric Co. v. Joiner,*
  522 U.S. 136 (1997)................................................................ 7, 16

*Goodman v. Harris Cnty.,*
  571 F.3d 388 (5th Cir. 2009)................................................................2

*Guillory v. Domtar Industries, Inc.,*
  95 F.3d 1320 (5th Cir. 1996) ........................................................ 6, 16

*Guy v. Crown Equip. Corp.,*
  394 F.3d 320 (5th Cir. 2004) ................................................................ 16

*Hathaway v. Bazany,*
507 F.3d 312 (5th Cir. 2007) ................................................................. 16

*Huss v. Gayden,*
571 F.3d 442 (5th Cir. 2009) ..................................................................6

*Johnson v. Arkema, Inc.,*
685 F.3d 452 (5th Cir. 2012) ................................................................ 16

*Knight v. Kirby Inland Marine Inc.,*
482 F.3d 347 (5th Cir. 2007) ................................................................ 16

*Kumho Tire Co. v. Carmichael,*
526 U.S. 137 (1999) ...................................................................5, 6, 8

*Mathis v. Exxon Corp.,*
302 F.3d 448 (5th Cir. 2002) ..................................................................6

*Michaels v. Avitech, Inc.,*
202 F.3d 746 (5th Cir. 2000) ..................................................................7

*Owen v. Kerr-McGee Corp.,*
698 F.2d 236 (5th Cir. 1983) ..................................................................2

*Penn v. Howe-Baker Engineers Inc.,*
898 F.2d 1096 (5th Cir. 1990) ................................................................2

*Pipitone v. Biomatrix, Inc.,*
288 F.3d 239 (5th Cir. 2002) ........................................................... 5, 16

*Pratt v. Harris County,*
822 F.3d 174 (5th Cir. 2016) ................................................................ 16

*Renfroe v. Parker,*
974 F.3d 594 (5th Cir. 2020) ........................................................... 3, 16

*Robinson v. Ardoin,*
86 F.4th 574 (5th Cir. 2023) ..................................................................2

*Salas v. Carpenter,*
980 F.2d 299 (5th Cir. 1992) ............................................................8, 16

*Scott v. Harris,*
550 U.S. 372 (2007) ........................................................................6, 16

*United States v. Haines,*
  803 F.3d 713 (5th Cir. 2015) .......................................................................... 16

*United States v. Hicks,*
  389 F.3d 514 (5th Cir. 2004)........................................................................... 8

*Viterbo v. Dow Chemical Co.,*
  826 F.2d 420 (5th Cir. 1987)........................................................................ 16

## Constitution

Fourth Amendment ....................................................................................................3

## Statutes

TEXAS TRANSPORTATION CODE § 546 ......................................................................9

## Court Rules

FED. R. CIV. P. 26................................................................................... 4, 5, 16

FED. R. EVID. 104(a) ...........................................................................................5

FED. R. EVID. 402 ....................................................................................... 5, 16

FED. R. EVID. 403 ....................................................................................... 5, 16

FED. R. EVID. 702 ............................................................................... 2, 5, 8, 16

FED. R. EVID. Article VII .......................................................................................5

## NATURE AND STAGE OF THE PROCEEDING

2.      On February 16, 2026, Plaintiff designated Kelly Couch as an expert witness. [Doc. 21]. Couch issued three overarching opinions, listed as follows:

- ***Opinion 1:*** Chief Roy was not responding to an emergency at the time of the purported collision between Chief Roy's vehicle and Plaintiff. [Couch's Report, identified herein as Exhibit 1, p. 10].

- ***Opinion 2:*** Chief Roy did not act with appropriate regard for the safety of Plaintiff and Chief Roy's actions resulted in the purported collision between his emergency vehicle and Plaintiff. [Ex. 1, p. 12].

- ***Opinion 3:*** There are two possible causes of the purported collision between Chief Roy and Plaintiff: Chief Roy became frustrated with Plaintiff and turned his vehicle toward Plaintiff with the intent of striking Plaintiff or Chief Roy operated his vehicle with a reckless disregard with the safety of Plaintiff. [Ex. 1, p. 12-13].

3.      Defendants move the Court to exclude, or alternatively limit admission of, Couch's testimony.

## ISSUES

4.      Whether Couch's testimony should be excluded entirely or merely limited.

## SUMMARY OF THE ARGUMENT

5.      Plaintiff hired Couch for the express purpose of providing inadmissible legal conclusions. Couch's report and deposition testimony establishes that his purported testimony consisting of legal conclusions should not be admitted into

evidence. In addition to offering legal conclusions, Couch has not shown his opinions are the product of any underlying standard or accepted methodology.

6.     Couch's irrelevant, unreliable, and unhelpful opinions should not be admitted into evidence. Plaintiff has not established that any of Couch's disclosed opinions would help the jury. Therefore, the Court should exclude, or alternatively limit, admission of testimony from Couch because his opinions are inadmissible. Couch's opinions consist entirely of inadmissible legal conclusions. And Couch proffers unhelpful and unreliable opinions based on Couch's subjective interpretation of records, without performing any reliable analysis that demonstrates his subjective opinions satisfy the standards for admissibility.

ARGUMENT AND AUTHORITIES

## I.     Couch disclosed *only* legal conclusions that are inadmissible, as a matter of law.

7.     In their testimony, experts may not "render conclusions of law" or provide opinions on legal issues. *See Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009). Statutory interpretation is a legal issue. *See Robinson v. Ardoin*, 86 F.4th 574, 587 (5th Cir. 2023); *Penn v. Howe-Baker Engineers Inc.*, 898 F.2d 1096, 1100 n.3 (5th Cir. 1990) (courts do not give the right to interpret statutes to private citizens). "[L]egal opinions do not assist the trier of fact as required by Federal Rule of Evidence 702(a)." *Calderon v. Bank of Am. N.A.,* 941 F. Supp. 2d 753, 760 (W.D. Tex. 2013). And "allowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant." *Owen v. Kerr-McGee Corp.,* 698 F.2d 236, 240 (5th Cir. 1983).

8.      "Reasonableness under the Fourth Amendment or Due Process Clause is a legal conclusion." *Renfroe v. Parker,* 974 F.3d 594, 598 (5th Cir. 2020). "It is therefore error to allow expert testimony on whether an officer used unreasonable force." *Id.*

9.      Courts within the Fifth Circuit have applied the same rule to exclude expert opinions that frame officer conduct in terms of legal standards – including standards relating to public safety. *See Amin-Akbari v. City of Austin, Tex.*, 52 F. Supp. 3d 830, 848 (W.D. Tex. 2014) ("Clark offers legal conclusions such as the officers were 'deliberately indifferent,' and that the officers' actions were the 'proximate cause' of Plaintiff's injuries. These are not appropriate subjects for expert opinion testimony.").

10.     Despite this prohibition, Couch admits he was hired for the purpose of providing legal conclusions and Couch opines in his report multiple times that Chief Roy did not act with appropriate regard for the safety of Plaintiff and that Chief Roy's reckless disregard of safety caused the purported collision between Chief Roy and Plaintiff—both encompassing legal standards only within the purview of the Court.

11.     Specifically, Couch's report includes the following inadmissible legal conclusions:

- It is my opinion that Roy did not act with appropriate regard for the safety of Harvey and his actions resulted in the collision between his emergency vehicle and Harvey. [Ex. 1, p. 10].

- It is my opinion based on evidence reviewed including Fire Department logs and written evidence, Roy's documented interviews with Officer Watson and Detective Rogers shortly after the incident, video evidence, deposition testimony, and Roy's known role in the original fire incident that he was not responding to an emergency at the time of the collision. *Id.* at pp. 11-12.

- It is my opinion that Roy did not act with appropriate regard for the safety of Harvey and his actions resulted in the collision between his emergency vehicle and Harvey. *Id.* at p. 12.

- Based on the evidence reviewed in this case it is my opinion that Roy did not act with appropriate regard for the safety of Harvey in this incident. *Id.*

- Based on my review of evidence including scene video from Harvey, surveillance video, sworn testimony from Roy and other reviewed information, there are only two possible causes for this collision. The first is that Roy became frustrated with Harvey and turned his vehicle toward Harvey with the intent of striking him with the vehicle. *Id.*

- The other possible cause of the collision between Roy's truck and Harvey is that Roy operated his vehicle with a reckless disregard for the safety of Harvey who was clearly visible and within the path of Roy's vehicle as he entered the parking lot. *Id.* at p. 13.

- Therefore, if this was not a deliberate act, it is my opinion that Roy demonstrated reckless disregard for Harvey's safety when he moved his vehicle into the parking lot on 06/22/2024 and struck Harvey. *Id.* at p. 16.

12. In each of these opinions, Couch offers a legal conclusion regarding standards applicable to Chief Roy's conduct. Like the expert in *Amin-Akbari*, Couch essentially concludes Chief Roy violated applicable legal standards by acting tortiously and deliberately indifferent to Plaintiff's safety and proximately causing the claimed collision. These irrelevant opinions are legal conclusions that are inadmissible. *See id.*

**II.    Couch's opinions fail to satisfy the disclosure requirements of Federal Rule of Civil Procedure 26 or admissibility standards of the Federal Rules of Evidence.**

13.    Because all of Couch's disclosed opinions are inadmissible legal conclusions, the Court need not further consider other reasons Couch's opinions are inadmissible. However, in an abundance of caution Defendants address independent additional reasons Couch's testimony should be excluded, or alternatively limited.

14.    "[E]xpert testimony is admissible under *Daubert* [*v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993)] only if it is both relevant and reliable." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244-45 (5th Cir. 2002). "In *Daubert*, the Supreme Court stated that Rule 702 requires that expert testimony 'assist the trier of fact to understand the evidence or to determine a fact in issue." *Id.* at 245.

15.    "Thus, to be admissible under *Daubert*, [Couch's] testimony must not only be reliable, but also must be relevant..." *Id.* In addition to being reliable, to satisfy the standard for admissibility, an expert's opinions must also be helpful. *See* FED. R. EVID. 702(a); *Boyd v. State Farm Ins. Cos.*, 158 F.3d 326, 331 (5th Cir. 1998). Opinion testimony is only admissible when it satisfies the strictures of FED. R. CIV. P. 26(a)(3); FED. R. EVID. 104(a); FED. R. EVID. 402; and Article VII of the Federal Rules of Evidence.

16.    Couch's opinions fail to satisfy those requirements because his opinions are not relevant, reliable, or helpful under *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). Couch's testimony fails to satisfy those requirements because his

reported opinions fail to show he is qualified to render an admissible opinion he has disclosed. Couch's opinions consist of legal opinions, which are inadmissible, unreliable, and unhelpful. Couch has not stated a basis or reason underlying an admissible opinion. *See Kumho Tire Co.*, 526 U.S. at 147.

17.    A court must address several preliminary questions relating to a purported expert's qualifications, as well as the admissibility of proposed testimony before permitting a proposed expert to offer any opinion testimony into evidence. *See Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009); *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002). The Court's gatekeeping role "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152.

18.    "[A] trial judge ought to insist that a proffered expert bring to the jury more than the lawyers can offer in argument," *In re Air Crash Disaster at New Orleans v. Pan American Airways*, 795 F.2d 1230, 1233 (5th Cir. 1986). But Couch merely parrot's arguments advanced by Plaintiff's attorney. Couch purports to answer legal questions the Court must decide and answer the very questions a jury would be asked to decide if the Court determines trial is necessary. This sort of claimed "expert analysis" – appropriately labeled "junk science" - has no place before a federal jury. *See Scott v. Harris*, 550 U.S. 372, 380-81 (2007); *Guillory v. Domtar Industries, Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996). Such baseless opinions are the

178191330.3                                    6

quintessence of inadmissible *ipse dixit* and "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Michaels v. Avitech, Inc.*, 202 F.3d 746, 754 (5th Cir. 2000) (quoting *General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997)) (emphasis added); *see also First Nat'l Bank v. Lustig,* 96 F.3d 1554, 1575 (5th Cir. 1996).

19.    To assess reliability, the Court must make "'preliminary assessment of whether the reasoning or methodology underlying the testimony is...valid and of whether that reasoning or methodology properly can be applied to the facts in issue.' Ultimately, the trial court must also find an 'adequate fit between the data and the opinion proffered.'" *Brown v. Ill. Cent. R.R. Co.*, 705 F.3d 531, 535 (5th Cir. 2013). Couch attempts to lend an aura of reliability to his bare, subjective opinions regarding application of governing law by invoking his credentials and referencing broad categories of training, experience, and purported "generally accepted practices," but Couch's opinions suffer from a fundamental defect: an analytical gap between any relevant, helpful standard and the opinions he proffers. Although Couch lists claimed methodologies—such as case study, content analysis, and professional experience—Couch does not meaningfully apply any identifiable methodology to bridge the gap between such ill-defined sources and his ultimate subjective opinions regarding Chief Roy's conduct. Instead, Couch offers conclusions that are not demonstrably derived from any articulated, testable, or reliably applied method tied to the specific facts of this incident.

178191330.3                                        7

20.    The deficiency is not that Couch lacks familiarity with emergency vehicle operations, but that he fails to helpfully and reliably connect such training in a meaningful way to the facts at issue. Couch has not shown how his cited standards and experience lead to reliable and helpful conclusions, rendering his opinions inadmissible. Because Plaintiff, as proponent of Couch's testimony, failed to meet Plaintiff's burden of establishing the admissibility of Couch's opinions, Plaintiff cannot admit Couch's testimony into evidence. *See United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004); *Kumho*, 526 U.S. at 141; *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992).

### A. Couch lacks the qualifications to render his purported expert opinions.

21.    "The issue with regard to expert testimony is not the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question." *Berry v. City of Detroit*, 25 F.3d 1342, 1351 (6th Cir. 1994). Couch's reported opinions satisfy none of the standards established in *Daubert*, 509 U.S. at 589, and included in FED. R. EVID. 702, which allows for a witness, qualified as an expert, to offer opinion testimony where (1) sufficient facts and data serve as the basis of the testimony, (2) the witness' testimony was produced using principles and methods recognized within their field, and (3) those principles and methods were applied reliably by the witness to the facts of the case. *Hicks*, 389 F.3d at 525.

22.    Plaintiff asks the Court to permit Couch to take over this Court's role as a judge of the law without Couch demonstrating he is qualified or authorized to do

so. To the contrary, Couch's testimony establishes he has no qualification to declare the legal conclusions he reported:

> [Q.]   Do you claim to know what the -- how the Supreme Court has defined the -- the phrase "appropriate regard for safety"?
> [A.]   I don't have a specific knowledge of that in this case, no, sir.

Couch's deposition testimony, identified herein as Exhibit 2, 12:2-6.

> [Q.]   No, that's okay.  But if I understand your earlier answer, basically what -- whatever it was that the Texas Transportation Code section 546 says, that's something that's the judge's job to tell the jury what it means; isn't that true?
> [A.]   I would agree with that, yes, sir.
> [Q.]   And so it's not your job to tell the jury what that is, is it?
> [A.]   No, sir.

[Ex. 2, 17:22-18:5].

> [Q.]   Do you know -- do you know what any Texas court has -- how they define the phrase "responding to an emergency call"?
> [A.]  No, I don't have specific knowledge. Actually, I did some research trying to locate how Texas defined an emergency scene, but I don't have specific information about that.  It's just based on my own experience and kind of some general definitions of what an emergency scene is.  So, no, I can't -- I don't have that information.

[Ex. 2, 29:4-13].

23.   Additionally, Couch's testimony confirms he has never before opined on whether an officer was responding to an emergency call. Couch only identified three cases where he *may* have testified about whether an officer acted with due regard, an issue that is clearly solely within the purview of the Court or jury in limited circumstances:

> [Q.]   Have you ever worked on another case where you were asked to answer the questions that were asked in this case?

[A.]   Specifically -- I have, I think, opined on if someone was, let me think, acting with due regard, but I'm not -- well, I think in the Dibbern case, we did speak about operating with due regard.  And I'm still looking.  And in the Flanders versus Huntington Beach case, that was one of the questions.  And the Gomez-Serrano versus City of Seattle, that was one of the questions.  So, yes, I have talked about --

[Q.]   I'm sorry.  Did you say -- I'm sorry.  I thought I was taking notes, and I may have missed them. Did you say -- I got Serrano, and I got Dibbern.  Did you also say Flanders, or what was the third one?
[A.]   Yes.  The third one was Flanders versus Huntington Beach.  In those cases, I did answer the question of was someone responding with due regard or appropriate regard, and I think the language in that was due regard in those particular cases.

Regarding my other opinions regarding to -- regarding if he was responding to an emergency call at the time of the collision, I don't believe I've answered that question in other cases.

[Ex. 2, 39:7-9; 40:2-5].

24.   Plaintiff has not established Couch is qualified to render any opinion he reported.  *See* FED. R. EVID. 402, 403, 702; *Benavides v. County of Wilson*, 955 F.2d 968, 973-74 (5th Cir. 1992). In *Benavides*, *supra* the court rejected "'subjective opinion,' unrooted in factual foundation or proven expertise." *Id*.

### B. Couch failed to report an opinion that is the product of reliable application of an identifiable standard to the facts of this case.

25.   In *Hathaway v. Bazany*, 507 F.3d 312, 317 (5th Cir. 2007), the court excluded opinion "testimony on the ground that [the purported expert] failed to provide an adequate basis to support his conclusions." The *Hathaway* court held "the existence of sufficient facts and reliable methodology is in all instances mandatory." 507 F.3d at 318. The Court must "ensure the expert uses reliable methods to reach his opinions." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). Couch's opinions reveal a failure to apply any discernible

178191330.3                                     10

methodology, standard, rule, or guide, which links opinions to the facts of this case. This failure renders Couch's conclusions and opinions inadmissible. Couch's speculative conjecture and *ipse dixit* are not an appropriate substitute for thoughtful, trustworthy analysis and reliable conclusions. *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 424 (5th Cir. 1987); *Boyd*, 158 F.3d at 331.

26.    Instead,

> Trial courts are to consider the extent to which a given technique can be tested, whether the technique is subject to peer review and publication, any known potential rate of error, the existence and maintenance of standards governing operation of the technique, and, finally, whether the method has been generally accepted in the relevant scientific community.

*Hathaway*, 507 F.3d at 318.

27.    "The reliability prong mandates that expert opinion be grounded in the methods and procedures of science and...be more than unsupported speculation or subjective belief." *Johnson v. Arkema, Inc.,* 685 F.3d 452, 459 (5th Cir. 2012). For Couch's testimony to be admitted into evidence, Plaintiffs must establish Couch applied a discernible and identifiable methodology, rule, or guide which reliably links the facts to Couch's conclusions and opinions in a way that is helpful to the jury as required by Rule 26(a)(2)(B).

28.    Only "[w]here an expert otherwise reliably utilizes scientific methods to reach a conclusion, [may a] lack of textual support...go to the weight, not the admissibility of the expert's testimony." *Knight v. Kirby Inland Marine Inc.,* 482 F.3d 347, 354 (5th Cir. 2007) (internal quotations and citations omitted).

> [T]he expert's testimony must be reliable at each and every step or else it is inadmissible. The reliability analysis applies at all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusions, *et alia*.

*Id.* at 354-55 (emphasis added).

29.    The Court must also find the expert's "reasoning or methodology can be properly applied to the facts in issue; that is, [that] it is relevant." *Curtis v. M & S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999). Other factors, such as "[w]hether the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion," may also be relevant to the determination of reliability. *See* Advisory Committee Note to FED. R. EVID. 702 (citing *Joiner*, 522 U.S. at 146).

30.    "A perfectly equivocal opinion does not make any fact more or less probable and is irrelevant under the Federal Rules of Evidence." *Pipitone,* 288 F.3d at 245. Rule 702 prohibits altering facts and relying on speculation to bolster a plaintiff's position. *Id.* While Couch offers no methodology underlying his opinions, he also does not apply any methodology or reasoning to the facts at issue, rending his opinions no more than improperly advancing the arguments of counsel. *See Scott*, 550 U.S. at 380-81; *Guillory*, 95 F.3d at 1331.

31.    Some of Couch's opinions consist also of pure inadmissible speculation. "The trial judge…must find that [an opinion] is properly grounded, well-reasoned, and not speculative before it can be admitted." FED. R. EVID. 702, Advisory Committee Notes. Couch premised his opinions on a "fictitious set" of "altered

facts and speculation designed to bolster [plaintiff's] position." *See Guillory*, 95 F.3d at 1331. Couch reported speculative testimony purporting to know the subjective motivation of Chief Roy's action as follows:

- It is also notable that the area where Roy collided with Harvey appeared to be outside of the area of the operations of Fire personnel investigating the original call and likely was not part of the actual emergency scene. Couch's Report, identified herein as Exhibit 1, p. 10.

- Galveston Fire Department Call logs indicate that Roy was only on the scene for a short period of time (4 minutes and 47 seconds total) and it is likely his departure from the parking lot indicates he had cleared the scene of the incident. *Id.*

- None of the reasons stated by Roy indicate that he was moving into the parking lot for any urgent reasons related to the original call. *Id.* at p. 11.

- Roy stated that he did not deliberately strike Harvey and there is no evidence that his actions were intentional, but it is possible that because of his frustration with Harvey Roy acted with a lack of due regard for Harvey's safety as he moved into the parking lot. *Id.* at p. 15-16.

32.  An important aspect of the Court's gatekeeping role is "to extract evidence tainted by farce or fiction. Expert evidence based on a fictitious set of facts is just as unreliable as evidence based upon no research at all. Both analyses result in pure speculation." *Guillory*, 95 F.3d at 1331. As demonstrated by Couch's report, Couch merely read reports and watched recordings of Plaintiff's interaction with Chief Roy and provided subjective opinions, rife with Couch's speculation. But this unreliable and unhelpful procedure has been found to be deficient in producing admissible opinion testimony. *See Renfroe*, 974 F.3d at 598; *Pratt v. Harris County*, 822 F.3d 174, 181 (5th Cir. 2016).

**C. Couch's opinions should be excluded because they are not helpful.**

33.    For Couch's testimony to be admitted into evidence, Plaintiff must establish Couch disclosed the information required under Rule 26, but his report does not establish that he reliably applied a *discernible* methodology, rule, or guide which reliably links the facts in this lawsuit to his opinions in a way that is helpful to the jury, as required by FED. R. CIV. P. 26(a)(2)(B). *Boyd*, 158 F.3d at 331. Instead, Couch's report consists of bare subjective *ipse dixit*, none of which is linked to any reliable or helpful analysis of identified facts. Nowhere has Couch identified *any* standard or method of analysis that reliably bridges the gaping void between Couch's opinions and facts that could support his opinions.

34.    Further, "a witness, lay or expert, may not form conclusions for a jury that they are competent to reach on their own." *United States v. Haines*, 803 F.3d 713, 733 (5th Cir. 2015). Despite Couch's numerous subjective interpretations cloaked as expert opinions, Couch admitted his appropriate role does not include telling the jury how to judge the facts:

> [Q.]   Do you -- based upon your training and experience, do you believe it's your role to tell the jury how it should judge the facts?
> [A.]  No. Absolutely not.  I -- I'm just providing my opinion based on some specialized training and experience that I have -- I have had over the years regarding some specific questions. So it's definitely not my role to tell them how to judge the facts. I'm there to present my opinion based on some specialized knowledge, and then it's up to the jury or the judge to make those determinations.

[Ex. 2, 14:10-20].

35.     Plaintiff's disclosures and Couch's testimony leave unanswered questions of the identification of standards, or factual analysis supporting Couch's conclusions and opinions. Couch's opinions would be unhelpful to the jury. Because Plaintiff failed to disclose application of a discernible methodology which reliably links relevant facts to Couch's conclusions and opinions in a way that is helpful to the jury, the Court should exclude Couch's testimony. *See Salas*, 980 F.2d at 305.

CONCLUSION AND PRAYER

36.     For these reasons, Defendants move the Court to entirely exclude, or alternatively limit, Couch's testimony.

Respectfully submitted,

*/s/ Norman Ray Giles*
William S. Helfand
Attorney-in-Charge
State Bar of Texas No. 09388250
S.D. Texas No. 8791
Bill.Helfand@lewisbrisbois.com
Norman Ray Giles
State Bar of Texas No. 24014084
S.D. Texas No. 26966
Norman.Giles@lewisbrisbois.com

OF COUNSEL:

LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)
*Attorneys for Defendants*
City of Galveston, Texas
Chief William Roy

178191330.3                          15

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been forwarded to the following counsel of record via e-mail on July 1, 2026, in accordance with the District's ECF service rules.

*/s/ Norman Ray Giles*
Norman Ray Giles