IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROBERT HARVEY, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-cv-00058 |
| | § | |
| WILLIAM ROY, individually; | § | |
| and CITY OF GALVESTON a/k/a | § | |
| GALVESTON FIRE DEPARTMENT, | § | |
| *Defendants.* | § | |

### DEFENDANTS' OPPOSED MOTION TO EXCLUDE
### UNDISCLOSED EXPERT OPINION TESTIMONY

Defendants, William Roy and City of Galveston, Texas ("Defendants"), move

the Court under FED. R. CIV. P. 37(c)(1) to exclude testimony Plaintiff failed to

properly disclose as required by FED. R. CIV. P. 26(a).

### CERTIFICATE OF CONFERENCE

1.     The parties' counsel conferred and Plaintiff opposes the relief sought in this

motion.

### NATURE AND STAGE OF THE PROCEEDINGS

2.     Plaintiff filed suit on March 3, 2025. [Doc. 1]. Defendants filed a motion to

dismiss on April 7, 2025. [Doc. 8]. On July 17, 2025, the Court granted, in part,

Defendants' motion. [Doc. 17]. On February 12, 2026, Plaintiff filed Expert Witness

disclosures (the "Designation"). [Docs. 20, 21].

## SUMMARY OF THE ARGUMENT

3.     Plaintiff's Designation fails to include the required summary of opinion for each non-retained expert listed. [Doc. 21, pp. 4-13]. The Designation also fails to identify an individual non-retained experts for ten (10) purported disclosures. [Doc. 21, ¶¶ C(4)(b)-(c), (e), (g), (i), (k), (m), (o), (q), (s) (Plaintiff only identified a "custodian of records")]. Under Rule 37(c)(1), Plaintiff is prohibited from eliciting or admitting testimony from any of these non-disclosed sources of evidence.

## ARGUMENT AND AUTHORITIES

### A.     Plaintiff's disclosures of non-retained experts are facially deficient.

4.     Plaintiff's Designation fails to satisfy Rule 26(a)(2)(A), requiring disclosure of "the identity of any witness it may use at trial to present evidence." Fed. R. Civ. P. 26(a)(2)(A). Plaintiff's Designation also fails to satisfy Rule 26(a)(2)(C), requiring the disclosure of "***both*** the <u>subject matter</u> on which the non-retained expert is expected to present evidence <u>and a summary</u> of the <u>facts and opinions</u> as to which the non-retained expert is expected to testify." Fed. R. Civ. P. 26(a)(2)(C); *Tolan v. Cotton*, No. H-09-1324, 2015 WL 5332171, at *5 (S.D. Tex. Sept. 14, 2015) (emphasis added).

#### a. Plaintiff failed to disclose the identity of witnesses who allegedly provided treatment to Plaintiff.

5.     "By choosing to file a formal designation of expert witnesses, Plaintiff[] submitted [herself] to the requirements of Rule 26, the most basic of which is to

2

disclose to the other parties 'the **identity** of any witness [a party] may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.'" *Aguirre v. S&B Eng'rs & Constructors, LTD.*, Civ. Action No. 1:13-cv-384-MAC, 2014 U.S. Dist. LEXIS 201909, *12 (E.D. Tex. 2014) (Giblin, M.J.) (emphasis added).

6.      Plaintiff's Designation only identifies "custodian of records" as the witness—and fails to identify any individual. [Doc. 21, ¶¶ C(4)(b)-(c), (e), (g), (i), (k), (m), (o), (q), (s)]. Obviously, this does not meet the requirement to "identify" the proposed witness. Merely listing "custodian of records" as the witness is "wholly insufficient [and thus] Plaintiff[] [has] failed to satisfy the identity requirement of Rule 26(a)(2)(A)." *Aguirre*, 2014 U.S. Dist. LEXIS 201909, at *12.

### b.      Plaintiff failed to meet both requirements of Rule 26(a)(2)(C)

7.      Assuming *arguendo* an individual expert was identified, Plaintiff still failed to satisfy the Rule 26(a)(2)(C) requirement to disclose "a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C). Plaintiff's broad descriptions, none of which identify any potential testimony, do not satisfy the "subject matter" requirement under Rule 26(a)(2)(C)(i).  A District Court in the Northern District of Texas found plaintiff "fail[ed] to state the subject [matter] of [expert's] testimony, required under Rule 26(a)(2)(C)(i)" when plaintiff merely stated the following in plaintiff's disclosure:

> Conrad Hamric and any and all other healthcare providers associated with Conrad Hamric involved in the examination, diagnosis, care or treatment of Plaintiff.

3

> Medical facts and opinions concerning examination, diagnosis, care, treatment, or evaluation of Plaintiff.

*Erving v. Dallas Hous. Auth.*, Civ. Action No. 3:16-CV-1091, 2018 U.S. Dist. LEXIS 157850, *38-39 (N.D. Tex. 2018) (Lindsay, J.). Similarly, here, Plaintiff's generic descriptions are deficient in providing the subject matter of each proposed expert's testimony.

8.      "Merely stating the topic matters of facts relied upon does not suffice." *Tolan*, 2015 U.S. Dist. LEXIS 121717, at *15 (citing Fed. R. Civ. P. 26(a)(2)(C)(ii)). In *Tolan*, the broad assertion fell far short of the disclosure requirement in Rule 26(a)(2)(C)(ii) by stating "[the witness] will offer opinions and testimony regarding Robert Tolan's prospects as a major league baseball player before and after his injuries," because this statement fails to "identify the **actual substance** of the opinions and testimony." *Id.* at *18 (emphasis added). The Plaintiff must provide at least a "brief account of the main opinions" of each non-retained expert and a "brief account of the facts" on which the expert relied. *Id.* at *15 (citation omitted). Designations of non-retained experts was insufficient when plaintiff stated:

- "[witness will testify to] the nature extent and severity of Plaintiff's injuries, incapacitates, and disabilities alleged,"

- "Plaintiff's injuries are a result in whole or in part of the injuries received by the [City] and made the subject of this suit;" and

- "immediate treatment of Plaintiff's injuries was necessitated..."

4

*Moore v. City of Hous.*, Civil Action No. H-17-2505, 2019 U.S. Dist. LEXIS 231430, at *11 (S.D. Tex. 2019) (Hittner, J.).

9.      Here, Plaintiff's descriptions are nothing more than general, catch-all topics, none of which satisfy the requirements in the Federal Rules. Plaintiff's catch-all descriptions are comparable to those at issue and rejected as inadequate by Judge Miller in *Kemp v. City of Houston* where defendants provided "extremely broad statements...under the list of multiple potential experts." *Kemp v. City of Hous.*, No. H-10-3111, 2013 U.S. Dist. LEXIS 207981, at *14 (S.D. Tex. 2013) (Miller, J.). Judge Miller found the defendants' designation insufficient under Rule 26:

> Rule 26(a)(2)(C) requires [defendants] to provide a summary of the facts or opinions about which *each* witness may testify. The extremely broad statements that [d]efendants provide under the list of multiple potential experts is insufficient to satisfy the Rule's requirements, as the statements essentially indicate that the witnesses *may* know *something* about this case.

*Id.* (emphasis in original). Consistent with the important notice function of disclosures, the Court should not accept non-compliance with disclosure requirements. *See* Fed. R. Civ. P. 37(c).

## B.      Consequences of non-compliance with Rule 26.

10.     Failure to comply with Rule 26(a) disclosures bars the party from "us[ing] that information or witness to supply evidence...at a trial, unless the failure was substantively justified or is harmless." *Moore*, 2019 U.S. Dist. LEXIS 231430, at *10; FED. R. CIV. P. 37(c)(1). To determine if a failure to comply with Rule 26(a) is

substantially justified or harmless, the Court considers four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Moore*, 2019 U.S. Dist. LEXIS 231430, at *11 (citation omitted).

11.    Plaintiff's designations are clearly insufficient, the insufficiency of which is not harmless. First, Defendants do not know the name(s) of ten (10) non-retained witnesses. [Doc. 21, ¶¶ C(4)(b)-(c), (e), (g), (i), (k), (m), (o), (q), (s)]. Plaintiff must comply with the provisions of Rule 26 which require (1) a summary of the opinion from each non-retained expert, and (2) a summary of the facts relied-upon by each non-retained expert. Fed. R. Civ. P. 26(a)(2)(C). Therefore, under Rule 37(c)(1), this Court should bar Plaintiff from "us[ing] that information or [Plaintiff's non-retained] witness[es] to supply evidence…at trial." FED. R. CIV. P. 37(c)(1).

CONCLUSION

12.    Defendants move the Court to exclude in their entirety Plaintiff's insufficiently designated Rule 26(a)(2)(C) non-retained expert witnesses.

Respectfully submitted,

*/s/ Norman Ray Giles*
William S. Helfand
Attorney-in-Charge
State Bar of Texas No. 09388250
S.D. Texas No. 8791
Bill.Helfand@lewisbrisbois.com
Norman Ray Giles
State Bar of Texas No. 24014084

6

S.D. Texas No. 26966
Norman.Giles@lewisbrisbois.com

OF COUNSEL:

LEWIS BRISBOIS BISGAARD & SMITH LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2026, a true and correct copy of the foregoing was forwarded to all parties and counsel of record in accordance with the District's ECF service rules.

*/s/ Norman Ray Giles*
Norman Ray Giles