UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROBERT HARVEY, | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 3:25-cv-00058 |
| | § | |
| WILLIAM ROY, IN HIS INDIVIDUAL | § | |
| CAPACITY; CITY OF GALVESTON, | § | |
| AKA THE GALVESTON FIRE | § | |
| DEPARTMENT | | |
| *Defendants*. | | |

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' OPPOSED MOTION FOR FINAL SUMMARY JUDGMENT

Defendants Galveston Fire Department Battalion Chief William Roy and the City of Galveston ("City"), sued directly and indirectly through the City of Galveston fire department, Reply in support of Final Summary Judgment.

TABLE OF CONTENTS


TABLE OF CONTENTS .......... II

TABLE OF AUTHORITIES .......... III

EVIDENTIARY OBJECTIONS .......... 1

SUMMARY OF THE REPLY ARGUMENTS .......... 3

ARGUMENT AND AUTHORITIES .......... 3

I. NO EVIDENCE SUPPORTS A FOURTEENTH AMENDMENT CLAIM .......... 3

II. PLAINTIFF FAILS TO REFUTE BATTALION CHIEF ROY'S QUALIFIED IMMUNITY .......... 5

III. NO EVIDENCE SUPPORTS A RATIFICATION CLAIM AGAINST THE CITY .......... 7

A. There is no culpability of the City's policymaker. .......... 7

B. Evidence does not prove an extreme factual situation that established an obvious violation of clearly established law. .......... 9

IV. NO EVIDENCE SUPPORTS CLAIM AGAINST THE CITY UNDER TEXAS LAW .......... 9

A. Defendants accept Plaintiff's stipulation they have not asserted a claim under the Tort Claims Act based upon Chief Roy's use of the siren when leaving the scene. .......... 9

B. No basis exists for waiver of the City's Governmental Immunity through § 101.021 because Chief Roy would not be personally liable to Plaintiff under Texas law. .......... 10

C. Emergency Exception preserves the City's immunity. .......... 11

1. The claimed collision occurred while Chief Roy was responding to an emergency call or reacting to an emergency situation at an active reported fire scene before the "all clear' was announced .......... 11

2. There is no evidence Chief Roy's conduct was reckless or violated a law or ordinance that governed emergency action .......... 12

a. There is no evidence Chief Roy failed to comply with a law or ordinance applicable to emergency action .......... 12

b. There is no evidence Chief Roy injured Plaintiff by operating his vehicle recklessly .......... 13

CONCLUSION AND PRAYER .......... 15

CERTIFICATE OF SERVICE .......... 16

TABLE OF AUTHORITIES

**Federal Cases**

*Anderson v. Creighton*,
483 U.S. 635 (1987) ........ 7

*Checki v. Webb*,
785 F.2d 534 (5th Cir. 1986) ........ 5, 6, 7

*City of St. Louis v. Praprotnik*,
485 U.S. 112 (1988) ........ 7

*County of Sacramento v. Lewis*,
523 U.S. 833 (1998) ........ 3, 4, 5, 7

*Covington v. City of Madisonville, Texas*,
2023 WL 5346375 (5th Cir.), *pet. for cert. denied*, 144 S. Ct. 570 (2024) (PER CURIAM) ........ 8

*Daniels v. Williams*,
474 U.S. 327 (1986) ........ 3, 5

*Davidson v. City of Stafford*,
848 F.3d 384 (5th Cir. 2017) ........ 8

*Davis v. Sherer*,
468 U.S. 183 (1984) ........ 5

*District of Columbia v. Wesby*,
583 U. S. 48 (2018) ........ 7

*Escondido v. Emmons*,
586 U. S. 38 (*per curiam*) ........ 7

*Fowler v. Carrollton Public Library*,
799 F.2d 976 (5th Cir. 1986) ........ 2

*Fraire v. City of Arlington*,
957 F.2d 1268 (5th Cir. 1992) ........ 9

*Fuentes v. Shevin*,
407 U.S. 67 (1972) ........ 3

*Gordon v. Wal-Mart Supercenter*,
2009 WL 3850288 (S.D. Ala. Nov. 12, 2009) ........ 2

*Grandstaff v. Borger*,
767 F.2d 161 (5th Cir. 1985) ....................................................................9

*Hamburger v. State Farm Mut. Auto. Ins. Co.*,
361 F.3d 875 (5th Cir. 2004)....................................................................2

*Hare v. City of Corinth*,
135 F.3d 320 (5th Cir. 1998) ....................................................................5

*Hart v. O'Brien*,
127 F.3d 424 (5th Cir. 1997)....................................................................10

*Hope v. Pelzer*,
536 U.S. 730 (2002) ....................................................................6, 7

*Hughes v. Kisela*,
862 F.3d 775 (9th Cir. Ariz., June 27, 2017) ((opinion of Ikuta,
J.)) ....................................................................6

*Jones v. Sheehan, Young and Culp*,
82 F.3d 1334 (5th Cir. 1996) .................................................................... 1

*Kisela v. Hughes*,
584 U.S. 100 (2018) ....................................................................6

*Lopez v. Sonic Components, LLC*,
No. 3:14-CV-0283-D, 2015 WL 6549583 (N.D. Tex. Oct. 28, 2015) ..................2

*Malacara v. Garber*,
353 F.3d 393 (5th Cir. 2003) .................................................................... 1, 2

*Martinez v. Maverick County*,
507 Fed. Appx. 446 (5th Cir. 2013)....................................................................10

*Milam v. City of San Antonio*,
113 Fed. Appx. 622 (5th Cir. 2004).................................................................... 8

*Morrow v. Meachum*,
917 F.3d 870 (5th Cir. 2019) ....................................................................5

*Nagle v. Gusman*,
2016 U.S. Dist. LEXIS 17616 (E.D. La. 2016) ....................................................................2

*Nissho-Iwai Am. Corp. v. Kline*,
845 F.2d 1300 (5th Cir. 1988).................................................................... 1

*Perdomo v. City of League City, Texas*,
163 F.4th 921 (5th Cir. 2026) ........................................................................10

*Peterson v. City of Fort Worth*,
588 F.3d 838 (5th Cir. 2009)..........................................................................9

*Petta v. Rivera*,
143 F.3d 895 (5th Cir. 1998) .........................................................................5

*Ragas v. Tennessee Gas Pipeline Co.*,
136 F.3d 455 (5th Cir. 1998)........................................................................... 1

*Rahimi v. U.S.*,
474 F. Supp. 2d 825 (N.D. Tex. 2006)...........................................................2

*Salas v. Carpenter*,
980 F.2d 299 (5th Cir. 1992)........................................................................... 1

*Snyder v. Trepagnier*,
142 F.3d 791 (5th Cir. 1998) .........................................................................9

*Sweetin v. City of Texas*,
48 F.4th 387 (5th Cir. 2022) ......................................................................... 8

*U.S. v. Colomb*,
419 F.3d 292 (5th Cir. 2005)........................................................................... 1

*White v. Pauly*,
580 U.S. 73 (2017) ..........................................................................................7

*Whitley v. Albers*,
475 U.S. 312 (1986) ........................................................................................4

*Wolf v. McDonnell*,
418 U.S. 539 (1974) ........................................................................................3

*World Wide Street Preachers Fellowship v. Town of Columbia*,
591 F.3d 747 (5th Cir. 2009) ......................................................................... 8

*Young v. Board of Supervisors of Humphreys County, Miss.*,
927 F.3d 898 (5th Cir. 2019)..........................................................................7

*Zorn v. Linton*,
146 S. Ct. 926 (2026) ......................................................................................7

**State Cases**

*City of Austin v. Powell*,
704 S.W.3d 437 (Tex. 2024) ....................11, 12, 13, 14

*City of San Antonio v. Hartman*,
201 S.W.3d 667 (Tex. 2006) ....................14

*City of San Antonio v. Maspero*,
640 S.W.3d 523 (Tex. 2022) ....................12, 13, 14

*DeWitt v. Harris County*,
904 S.W.2d 650 (Tex. 1995)....................10

*Perez v. Webb County*,
511 S.W.3d 233 (Tex. App. – San Antinio 2015, pet. denied) ....................14

*Rattray v. City of Brownsville*,
662 S.W.3d 860 (Tex. 2023)....................12

*Tarrant County v. Bonner*,
574 S.W.3d 893 (Tex. 2019)....................14

**Constitutions**

Fourth Amendment....................5

Fourteenth Amendment....................3, 4, 5

**Statutes**

TEX. CIV. PRAC. & REM. CODE § 101.021((1)(B)....................10

TEX. CIV. PRAC. & REM. CODE § 101.055(2)....................11, 12

TEX. CIV. PRAC. & REM. CODE § 101.057....................10

TEX. TRANSP. CODE § 545.401(a) ....................13

TEX. TRANSP. CODE § 546.001....................13

TEX. TRANSP. CODE § 546.005 ....................13

Texas Tort Claims Act....................9

Texas Transportation Code Chapter 546 ....................13

**Court Rules**


FED. R. CIV. P. 10(c) .......... 1, 2

FED. R. CIV. P. 12(b)(6) .......... 3

FED. R. CIV. P. 56 .......... 1, 3

FED. R. EVID. 104 .......... 2

FED. R. EVID. 402 .......... 1

FED. R. EVID. 611 .......... 1

EVIDENTIARY OBJECTIONS

1. FED. R. EVID. 611 requires the Court to exercise reasonable control over the presentation of evidence for ascertainment of the truth, *U.S. v. Colomb*, 419 F.3d 292, 297 (5th Cir. 2005). Inadmissible evidence cannot be used to avoid summary judgment. FED. R. CIV. P. 56; *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992).

***Plaintiff's Exhibit A [Doc. 28-1]***

2. Defendants object to admission of *Plaintiff's Exhibit A*, the entire deposition testimony of Bruce Rebman. Even if "evidence exists in the summary judgment record but Plaintiffs fail to refer to it in response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). The Court should exclude the wholesale "dump" of Rebman's testimony, most of which is also objectionable for other reasons in addition to Plaintiff's failure to cite specific admissible testimony. *See* FED. R. EVID. 401-02. The court is not obligated to scour entire, uncited deposition transcripts searching to find potentially admissible evidence. *See Jones v. Sheehan, Young and Culp*, 82 F.3d 1334, 1338 (5th Cir. 1996); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988).

***Plaintiff's Exhibit B [Doc. 28-2]***

3. For the reasons identified in Docket No. 22, which Defendants incorporate herein under FED. R. CIV. P. 10(c), Defendants object to admission of *Plaintiff's Exhibit B*, inadmissible opinion testimony from Kelly Couch. Alternatively, if the

Court does not entirely exclude Couch's testimony for the reasons identified in Doc. 22, Defendants object to admission of *Plaintiff's Exhibit B*, the entire deposition testimony of Kelly Couch for the reasons identified in the preceding ¶ 2. *See Malacara*, 353 F.3d at 405.

***Plaintiff's Exhibit C [Doc. 28-3]***

4. Defendants object to admission of *Plaintiff's Exhibit C* because Plaintiff has not appropriately disclosed testimony from a medical expert, as addressed in Doc. 23, 30] which Defendants incorporate under FED. R. CIV. P. 10(c). The Court should not permit the Plaintiff to admit medical evidence without establishing a predicate for doing so through expert medical testimony. *See* FED. R. EVID. 104; 402; 403; 611; 701-05; *Fowler v. Carrollton Public Library*, 799 F.2d 976, 983 (5th Cir. 1986); *Lopez v. Sonic Components, LLC*, No. 3:14-CV-0283-D, 2015 WL 6549583, at *9 (N.D. Tex. Oct. 28, 2015); *Nagle v. Gusman*, 2016 U.S. Dist. LEXIS 17616 *15 (E.D. La. 2016); *Gordon v. Wal-Mart Supercenter,* 2009 WL 3850288 (S.D. Ala. Nov. 12, 2009). It is not enough that medical records show the nature of injuries and character of services rendered; a plaintiff must also show the services provided were reasonable and necessary to address the claimed injury. *See Hamburger v. State Farm Mut. Auto. Ins. Co.,* 361 F.3d 875, 886 (5th Cir. 2004); *Rahimi v. U.S.*, 474 F. Supp. 2d 825 (N.D. Tex. 2006).

5. For these reasons, the Court should sustain Defendants' objections to Plaintiff's *Exhibits A*, *B*, and *C*.

## SUMMARY OF THE REPLY ARGUMENTS

6. Contrary to the premise of Plaintiff's arguments, in ruling on the motion to dismiss that Defendants filed, the Court did not reject the grounds for dismissal Defendants assert through Rule 56, and the Court has not yet analyzed the content of the video recording from the surveillance camera overlooking the site of the occurrence which forms the basis of the lawsuit. Instead, the Court ruled that, if proven through admitted evidence, Plaintiffs' allegations would state a claim for relief under FED. R. CIV. P. 12(b)(6). Because the evidence does not support the pleading allegations upon which Plaintiff's claims hinge, Defendants are entitled to summary judgment for the reasons discussed herein and those raised in Defendants Motion for Summary Judgment.

## ARGUMENT AND AUTHORITIES

### I. No evidence supports a Fourteenth Amendment claim.

7. In *County of Sacramento v. Lewis*, 523 U.S. 833, 839 (1998), the Supreme Court granted certiorari "to resolve a conflict among the Circuits over the standard of culpability on the part of a law enforcement officer for violating due process in [operating an emergency vehicle].

> The Supreme Court has "emphasized time and again that '[t]he touchstone of due process is protection of the individual against arbitrary action of government,' *Wolf v. McDonnell*, 418 U.S. 539, 558 (1974), whether the fault lies in a denial of fundamental procedural fairness, see, *e.g. Fuentes v. Shevin*, 407 U.S. 67, 82 (1972) (the procedural due process guarantee protects against 'arbitrary takings'), or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective, see, *e.g. Daniels v. Williams*, 474 U.S. 327, 331 (1986) (the substantive due process

> guarantee protects against government power arbitrarily and oppressively exercised).

*Lewis*, 523 U.S. at 846.

8. "[T]he constitutional concept of conscience shocking duplicates no traditional category of common-law fault, but rather points clearly away from liability, or clearly toward it, only at the ends of the tort law's spectrum of culpability." *Id.* at 848. "[T]he Constitution does not guarantee due care on the part of state officials; liability for **negligently inflicted harm is categorically beneath the threshold of constitutional due process**." *Id.* at 848–49 (emphasis added). Thus, the Supreme Court held in *Lewis* that the Fourteenth Amendment test of liability is appropriately applied in context of the governmental conduct at issue. *Lewis*, 523 U.S. at 850-855. First responders "on an occasion calling for fast action have obligations that tend to tug against each other." *Id.* at 853. "They are supposed to act decisively and to show restraint at the same moment, and their decisions have to be made 'in haste, under pressure, and frequently without the luxury of a second chance.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). "To recognize a substantive due process violation in these circumstances when **only midlevel fault** has been shown would be to forget that liability for deliberate indifference to inmate welfare rests upon the luxury enjoyed by prison officials of having time to make unhurried judgments, upon the chance for repeated reflection, largely uncomplicated by the pulls of competing obligations." *Id.* (emphasis added). "[W]hen unforeseen circumstances demand [a first responder's] instant judgment, even **precipitate recklessness**

fails to inch close enough to harmful purpose to spark the shock that implicates 'the large concerns of the governors and the governed.'" *Id.* (emphasis added) (quoting *Daniels*, 474 U.S. at 332).

9. Purpose to cause harm is needed to offend due process in this context. *See id.* at 854. Judging by this standard, Battalion Chief Roy's actions at the fire scene did not violate the Fourteenth Amendment, despite Plaintiff's effort to cultivate a federal case from hazards of his own creation.

## II. Plaintiff fails to refute Battalion Chief Roy's qualified immunity.

10. Plaintiff has not established that Chief Roy violated clearly established law. *See Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019). Qualified immunity is not limited to Fourth Amendment claims, immunity is available to officials alleged to have violated the Fourteenth Amendment. Compare, *Davis v. Sherer*, 468 U.S. 183, 190 (1984); *Petta v. Rivera*, 143 F.3d 895, 903-14 (5th Cir. 1998); *Hare v. City of Corinth*, 135 F.3d 320, 325-29 (5th Cir. 1998).

11. And *Lewis*, 523 U.S. at 841, does not identify clearly established law that prohibited Chief Roy's conduct. In *Lewis*, the Supreme Court did not analyze, apply, or decide immunity.[1] *Id.* at 837-41. Nor does *Checki v. Webb*, 785 F.2d 534 (5th Cir. 1986), which pre-dated *Lewis*, identify clearly established law Chief Roy violated. Like *Lewis*, *Checki* did not address immunity, much less analyze or apply immunity doctrine. The clearly established law on June 22, 2024, had been refined

---

[1] However, the Court recognized the viability of qualified immunity's application. *Lewis*, 523 U.S. at 841 n. 5 ("leaving aside the question of qualified immunity…")

by 38 years of Supreme Court and Fifth Circuit Court precedents after *Checki*.

12. Additionally, the facts in *Checki* cannot reasonably be equated to the facts at bar. At the scene of a reported fire, Chief Roy sounded a siren, repositioned and drove the truck around Plaintiff's body, albeit while doing so a mirror on the truck may have slightly contacted the tripod upon which Plaintiff held a camera that possibly contacted Plaintiff's body.

13. At a stark contrast, in *Checki*, two Louisiana Troopers in an unmarked vehicle pursued Checki, without probable cause, for 25 miles at speeds exceeding 100 miles per hour, and when Checki stopped his vehicle, a Trooper struck Checki in his face with a revolver causing severe facial injuries. *Id*. at 535-36.

14. And as to Plaintiff's arguments that Chief Roy's conduct was obviously unconstitutional, based on *Hope v. Pelzer*, 536 U.S. 730, 733-734 (2002), while prison officials who subject an inmate to cruel and unusual punishment by twice handcuffing him in a standing position to a hitching post for periods of two and seven hours (shirtless in the sun with no bathroom break only given water once or twice) disrupting his circulation and causing pain from handcuffs cutting into his wrists could be said to have obviously violated the inmate's rights, a reasonable firefighter would not be informed that such punishment of an inmate prohibited Chief Roy's much different conduct.

15. As in *Kisela v. Hughes*, 584 U.S. 100, 108 (2018) (quoting *Hughes v. Kisela*, 862 F.3d 775, 797 (9th Cir. Ariz., June 27, 2017) ((opinion of Ikuta, J.)), Plaintiff's "reliance on [*Checki and Hope*] 'does not pass the straight-face test.'" Chief Roy

could not have known that his specific conduct was clearly prohibited under established law by reading *Checki* or *Hope*. *See Zorn v. Linton*, 146 S. Ct. 926, 930 (2026); *Lewis*, 523 U.S. at 846-855.

16. "To find that a right is clearly established, courts generally 'need to identify a case where an officer **acting under similar circumstances** . . . was held to have violated' the Constitution." *Zorn*, 146 S. Ct. at 930 (emphasis added) (citing *Escondido* v. *Emmons*, 586 U. S. 38, 43 (*per curiam*) (internal quotation marks omitted)). "[T]he clearly established law must be 'particularized' to the facts of the case." *White v. Pauly*, 580 U.S. 73, 79 (2017) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "The relevant precedent must define the right with a 'high degree of specificity,' so that 'every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply.' *Id* (citing *District of Columbia* v. *Wesby*, 583 U. S. 48, 63 (2018) (internal quotation marks omitted). Plaintiff has not refuted Chief Roy's immunity.

## III. No evidence supports a ratification claim against the City.

### A. There is no culpability of the City's policymaker.

17. Plaintiff's arguments conspicuously disregard requirements of legal authority he relies on that are dispositive of his federal claims against the City. Plaintiff's briefing arguments, and the authorities he cites, reveal that a claim of ratification can only exist when the governmental entity's **authorized policymaker** [Doc. 28, p. 19] ratifies obviously unconstitutional conduct. Compare, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-127 (1988); *Young v.*

*Board of Supervisors of Humphreys County, Miss.*, 927 F.3d 898, 903 (5th Cir. 2019); *Milam v. City of San Antonio*, 113 Fed. Appx. 622, 626-27 (5th Cir. 2004).

18. “**Policymakers** alone can create municipal liability, and so any violation must be causally traceable to them, not just to their subordinates.” *Milam*, 113 Fed. Appx. at 627 (emphasis added). Identification of the City’s policymaker is a legal question only the Court must decide based on application of Texas law, not a factual dispute that can preclude summary judgment. *See Covington v. City of Madisonville, Texas*, 2023 WL 5346375 * (5th Cir.), *pet. for cert. denied*, 144 S. Ct. 570 (2024) (PER CURIAM); *Sweetin v. City of Texas*, 48 F.4th 387, 391-93 (5th Cir. 2022).

19. The City’s authorized policymaker is not culpable for ratifying obviously unconstitutional conduct. *See World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 755-56 (5th Cir. 2009). The summary judgment record establishes that the City’s policymaker is its elected City Council [Doc. 24, pp. 23-24], and there is no evidence City Council ratified obviously unconstitutional conduct, or delegated City Council’s policymaking authority to anyone who ratified obviously unconstitutional conduct.

20. Alternatively, assuming *arguendo* Council had delegated its policymaking authority to Fire Department Chief Mike Varela, there is no evidence Chief Varela approved of obviously unconstitutional conduct Roy committed, and the basis for Roy’s unconstitutional conduct. *See Davidson v. City of Stafford*, 848 F.3d 384,

395 (5th Cir. 2017); *Peterson v. City of Fort Worth,* 588 F.3d 838, 848 (5th Cir. 2009); *Fraire v. City of Arlington*, 957 F.2d 1268, 1278–79 (5th Cir. 1992).

21. The evidence refutes Plaintiff's pleading allegations that the City's policymaker ignored medical records provided to the policymaker, failed to test Battalion Chief Roy's urine sample for alcohol and drug use, or relied on missing or fabricated video that showed Roy's conduct was obviously unconstitutional. [Doc. 17, p. 10]. Instead, the evidence proves the police department and Fire Department investigated the occurrence, including alcohol and drug screening, analyzed a recording of the events that are now before the Court, and disciplined Battalion Chief Roy for violating Fire Department regulations.

### B. Also, the evidence does not prove an extreme factual situation that established an obvious violation of clearly established law.

22. The preceding portion of this brief, and the facts proven through Defendants' Motion for Summary Judgment [Doc. 24] do not evidence an extreme factual situation that established an obvious violation of clearly established law under governing legal standards. Compare, *Grandstaff v. Borger*, 767 F.2d 161 (5th Cir. 1985) to *Peterson,* 588 F.3d at 848; and *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998). No evidence supports a ratification claim against the City.

## IV. No evidence supports a claim against the City under Texas law.

### A. Defendants accept Plaintiff's stipulation they have not asserted a claim under the Tort Claims Act based upon Chief Roy's use of the siren when leaving the scene.

23. In his response brief [Doc. 28, p. 23], Plaintiff stipulated Battalion Chief

Roy's use of the siren when driving away from the scene after the time Plaintiff claims he was struck by Chief Roy's vehicle and/or the tripod "is not the basis of the TTCA claim… Rather, the TTCA claim rests on Roy's negligent and reckless operation of the vehicle, which caused the collision and Plaintiff's injuries." [Doc. 28, p. 23 Doc. 28, p. 23]. Defendants accept Plaintiff's stipulation in this regard and, therefore, do not contend any further need exists for the Court to address application of TEX. CIV. PRAC. & REM. CODE § 101.057.

**B. No basis exists for waiver of the City's Governmental Immunity through § 101.021 because Chief Roy would not be personally liable to Plaintiff under Texas law.**

24. Since Battalion Chief Roy "would [not] be personally liable to Plaintiff according to Texas law because Chief Roy would be protected by Texas common law official immunity, TEX. CIV. PRAC. & REM. CODE § 101.021((1)(B), no basis for waiver of the City's governmental immunity exists. *See Martinez v. Maverick County*, 507 Fed. Appx. 446, 449 (5th Cir. 2013); *DeWitt v. Harris County*, 904 S.W.2d 650, 653 (Tex. 1995). Plaintiff agrees, "official immunity in Texas is substantially the same as qualified immunity under federal law." [Doc. 28, p. 22]; *Perdomo v. City of League City, Texas*, 163 F.4th 921, 926 (5th Cir. 2026).

25. As Defendants discussed *supra* and in their Motion for Summary Judgment regarding qualified immunity, Plaintiff has not refuted Battalion Chief Roy's common law official immunity under Texas law, so the City is immune from Plaintiff's claims asserted under Texas law. *See id*; and *Hart v. O'Brien*, 127 F.3d 424, 450 (5th Cir. 1997).

### C. Emergency Exception preserves the City's immunity.

#### 1. The claimed collision occurred while Chief Roy was responding to an emergency call or reacting to an emergency situation at an active reported fire scene before the "all clear' was announced.

26. Absent recklessness or non-compliance with laws and ordinances applicable to emergency action, the provisions of TEX. CIV. PRAC. & REM. CODE § 101.055(2) are implicated based on the action of a public employee while responding to an emergency call or reaction to an emergency situation. *City of Austin v. Powell*, 704 S.W.3d 437, 445-46, 449 (Tex. 2024). Chief Roy was operating on an active scene of a reported fire. [Doc. 24-4, p. 46 of 93]. Chief Roy was busy doing his job on a fire scene. [Doc. 24-4, p. 47-48, 64, 72 of 93]. Because Plaintiff was in the driveway to the retail shopping center obstructing Chief Roy's fire vehicle from entering the shopping center where Chief Roy was attempting to park *to further investigate the scene of the reported fire*, Chief Roy backed his pickup truck slightly to enter the retail shopping center. [Doc. 24, Ex. 4, p.53 at ¶¶4-12, p.62 at ¶2-12; Ex. 5 at 2:02-2:10; Ex. 6; Ex. 7 at 3:20-3:30. Chief Roy proceeded to slowly drive into the retail shopping center by utilizing the space of the driveway Plaintiff was not blocking and which Chief Roy believed to be a clear path from Plaintiff's position. Ex. 3; Ex. 4, p. 74 at ¶¶10-22; Ex. 5 at 2:02-2:10; Ex. 6; Ex. 7 at 3:30-3:35. As Chief Roy's truck drove past Plaintiff, Plaintiff did not fall, stumble, flail or flinch, but instead stood as Chief Roy's truck passed Plaintiff. Ex. 5 at 2:02-2:10; Ex. 7 at 3:30-3:3:37. The "all clear" was not announced until after the claimed collision. [Doc. 24-4, p. 72-73 of 93]. During these events, Chief Roy was receiving fire department radio

broadcasts regarding trying to identify the location of the reported fire. [Doc. 24-4, p. 42-43, 63-65, 70, 72 of 93]. Chief Roy was primarily focused on moving closer to the building to determine whether the address matched the reported location of the fire. Chief Roy was operating on an active scene of a reported fire. [Doc. 24-4, p. 44, 64-65, 68, 72-73 of 93].

**2. There is no evidence Chief Roy's conduct was reckless or violated a law or ordinance that governed emergency action.**

27. "The foundational rule in all cases is that '[a] party suing the governmental unit bears the burden of affirmatively showing waiver of immunity.'" *Powell*, 704 S.W.3d at 447 (quoting *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022)). "There is 'a presumption against any waiver until the plaintiff establishes otherwise.'" *Id.* (quoting *Rattray v. City of Brownsville*, 662 S.W.3d 860, 866 (Tex. 2023)).

**a. There is no evidence Chief Roy failed to comply with a law or ordinance applicable to emergency action.**

28. As here, "[w]here a plaintiff seeks to raise a fact issue as to official compliance with 'laws and ordinances applicable to emergency action,' but points to no law or ordinance that specifically applies to that action, the first prong of § 101.055(2) has no role to play." *Powell*, 704 S.W.3d at 451. "[G]enerally applicable rules of the road that do not specifically address, or reference emergencies are not applicable to emergency action for purposes of the emergency exception." *Id.* Departmental policies are not laws of ordinances. See Powell, 704 S.W.3d at 455-

56. While TEX. TRANSP. CODE § 546.001 identifies specific laws and ordinances that apply to emergency action (proceed past stop signal or sign and exceed speed limits), Chief Roy did not violate any of those specifically identified laws or ordinances.

29. TEX. TRANSP. CODE § 546.005 provides the general duty of care when operating an authorized emergency vehicle. Transportation Code Chapter 546 "does not relieve the operator of an authorized emergency vehicle from: (1) the duty to operate the vehicle with appropriate regard for the safety of all persons; or (2) the consequences of reckless disregard for the safety of others." TEX. TRANSP. CODE § 546.005; *Powell*, 704 S.W.3d at 452. However, this provision essentially collapses into whether the operator of an emergency vehicle operated the vehicle recklessly. Compare, *Powell supra* and *Maspero*, 640 S.W.3d at 529. Because Plaintiff has not identified any law or ordinance applicable to emergency action other than the recklessness component of TEX. TRANSP. CODE § 546.005, recklessness is addressed in the following section of the brief.

**b. There is no evidence Chief Roy injured Plaintiff by operating his vehicle recklessly.**

30. "The Texas Transportation Code defines 'reckless driving' as driving 'a vehicle in a willful or wanton disregard for the safety of persons or property.'" *Powell*, 704 S.W.3d at 456 (quoting TEX. TRANSP. CODE § 545.401(a)). To apply "precedents concerning recklessness," the Texas Supreme Court has "asked whether the officer 'knew or should have known' that h[is] act posed an unacceptable risk of injury, separating out subjective actual knowledge from

imputed knowledge." *Id.* (citing *Maspero*, 640 S.W.3d at 531). "[R]eckless disregard 'require[s] proof that a party *knew* the relevant facts but did not care about the result." *Id.* (quoting *City of San Antonio v. Hartman*, 201 S.W.3d 667, 672 n.19 (Tex. 2006) (emphasis added)). "In early every case, the officer's state of mind will be inferred from the circumstances of his actions." *Id.* Determining recklessness "may mean asking whether a given officer 'engaged in some degree of risk assessment,' as well as whether his actions simply 'generated [an] 'extreme risk' beyond that which is inherent in [emergency action]." *Id.* (quoting *Maspero*, 640 S.W.3d at 532 (quoting *Tarrant County v. Bonner*, 574 S.W.3d 893, 902 (Tex. 2019)).

31. It is Plaintiff's "burden to raise a fact issue as to [Chief Roy's] recklessness as understood in [Texas Supreme Court] precedents." *Id.* at 457. "The facts advanced, moreover, must show 'more than a momentary judgment lapse' and instead '[] that the driver committed an act he knew or should have known posed a high degree of risk of serious injury'" *Id.* (quoting *Maspero*, 640 S.W.3d at 531 (quoting *Perez v. Webb County*, 511 S.W.3d 233, 236 (Tex. App. – San Antinio 2015, pet. denied)).

32. The evidence reveals no more than a momentary lapse in Chief Roy's actions that posed no apparent risk of serious harm. *See id.* Chief Roy repeatedly cautioned Plaintiff to yield to Chief Roy's emergency vehicle and to move out of the active fire scene. Chief Roy re-positioned his vehicle to drive around the Plaintiff at the fire

scene despite Plaintiff's actions. And the contact at issue, if any, was indirect and slight.

CONCLUSION AND PRAYER

33. For these reasons, Defendants move the Court to dismiss Plaintiff's claims, with prejudice, and grant summary judgment in Defendants' favor.

Respectfully submitted,

*/s/ Norman Ray Giles*
William S. Helfand
Attorney-in-Charge
State Bar of Texas No. 09388250
S.D. Texas No. 8791
Bill.Helfand@lewisbrisbois.com
Norman Ray Giles
State Bar of Texas No. 24014084
S.D. Texas No. 26966
Norman.Giles@lewisbrisbois.com
Randy E. Lopez
State Bar of Texas No. 24091829
S.D. Texas No. 3369137
randy.lopez@lewisbrisbois.com

OF COUNSEL:

LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)
*Attorneys for Defendants*
City of Galveston, Texas
Chief William Roy

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been forwarded to the following counsel of record via e-mail on July 30, 2026, in accordance with the District's ECF service rules.

*/s/ Norman Ray Giles*
Norman Ray Giles